# UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

WILL A. WIMBLEY,

        Petitioner - Appellant,

v.

ROGER WERHOLTZ; ATTORNEY
GENERAL OF KANSAS,

        Respondent - Appellee.

No. 05-3311

D. Kansas

(D.C. No. 04-CV-3320-MLB)

## ORDER
Filed October 18, 2006

Before **HARTZ**, **EBEL**, and **TYMKOVICH**, Circuit Judges.

      This matter is before us on Petitioner-Appellant Will A. Wimbley's Petition for Rehearing and Rehearing En Banc. We GRANT Mr. Wimbley's petition for rehearing in part for the purpose of modifying the paragraph ending on page 7 by replacing what was the last sentence of the paragraph by two new sentences. The Order Denying Certificate of Appealability issued June 30, 2006, is vacated and replaced with the amended Order Denying Certificate of Appealability attached to this Order.

                          ENTERED FOR THE COURT

                          Harris L Hartz
                          Circuit Judge

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

WILL A. WIMBLEY,

  Petitioner - Appellant,

v.

ROGER WERHOLTZ; ATTORNEY
GENERAL OF KANSAS,

  Respondent - Appellee.

No. 05-3311

D. Kansas

(D.C. No. 04-CV-3320-MLB)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **HARTZ**, **EBEL**, and **TYMKOVICH**, Circuit Judges.

In 1999 Will Wimbley was charged in an information with first-degree

murder and criminal possession of a firearm, and was convicted on both counts by

a jury in Kansas state court. He was sentenced to life in prison. Represented by

counsel, he appealed his conviction to the Kansas Supreme Court. It affirmed.

*State v. Wimbley*, 26 P.3d 657 (Kan. 2001). He then initiated state habeas

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

proceedings. *See* Kan. Stat. Ann. § 60-1507. The state habeas court denied relief, the Kansas Court of Appeals affirmed, and the Kansas Supreme Court denied review.

On September 24, 2004, he filed in the United States District Court for the District of Kansas a *pro se* application for relief under 28 U.S.C. § 2254. His application raised the following claims of error: (1) prosecutorial misconduct during closing argument; (2) constructive amendment of the information; (3) ineffective assistance of trial counsel for failing to object to the constructive amendment of the information; (4) ineffective assistance of trial counsel for failing to move for a mistrial based on juror misconduct; (5) ineffective assistance of counsel on his direct appeal in state court; (6) insufficiency of the evidence; (7) error in admitting evidence of prior acts of domestic violence; (8) several other instances of ineffective assistance of trial counsel relating to the DNA evidence, and (9) juror misconduct. The district court denied the first five claims because they had not been exhausted in state court and were now procedurally barred. It denied the other claims on the merits. The court also denied a certificate of appealability (COA), *see* 28 U.S.C. § 2253(c)(1) (requiring COA).

Mr. Wimbley now seeks a COA from this court on these same claims, with the exception of his claim of ineffective assistance of counsel relating to the DNA evidence. We deny a COA.

## II.   DISCUSSION

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, the applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id*. If the application was denied on procedural grounds, the applicant faces a double hurdle. Not only must the applicant make a substantial showing of the denial of a constitutional right, but he must also show "that jurists of reason would find it debatable . . . whether the district court was correct in its procedural ruling." *Id*. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id*.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides that when a claim has been adjudicated on the merits in state court, a federal court will grant habeas relief only when the applicant establishes that the state court decision was "contrary to, or involved an unreasonable application of,

-3-

clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2).

> Under the "contrary to" clause, we grant relief only if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the [Supreme] Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, relief is provided only if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. Thus we may not issue a habeas writ simply because we conclude in our independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

*Gipson v. Jordan*, 376 F.3d 1193, 1196 (10th Cir. 2004) (internal quotation marks and citations omitted). Therefore, for those of Mr. Wimbley's claims that were adjudicated on the merits in state court, "AEDPA's deferential treatment of state court decisions must be incorporated into our consideration of [his] request for COA." *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004).

Three of the claims for which Mr. Wimbley seeks a COA border on the frivolous. The district court thoroughly addressed the contentions that (1) there was insufficient evidence of guilt, (2) the domestic-violence evidence rendered the trial unfair, and (3) a juror's misconduct tainted the verdict. Each of these claims was also addressed and rejected on the merits by the Kansas Supreme

-4-

Court on direct appeal. *See Wimbley*, 26 P.3d 657. No reasonable jurist could dispute the district court's denial of relief. We therefore deny a COA on these claims.

The district court held that the remaining claims for which Mr. Wimbley seeks a COA were unexhausted, *see* 28 U.S.C. § 2254 (b)(1)(A) (§ 2254 writ "shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State"), but that under Kansas law no further proceedings were available in state court, and that the claims should therefore be considered exhausted and procedurally barred for habeas purposes. *See Thomas v. Gibson*, 218 F.3d 1213, 1221 (10th Cir. 2000) ("[I]f a petitioner 'failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred' the claims are considered exhausted and procedurally barred for purposes of federal habeas relief." (quoting *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991)). Mr. Wimbley contends that the claims were presented in state court, and that, in the alternative, Kansas law would permit him to raise them now if given the opportunity. Rather than wade into the thickets of Kansas habeas corpus procedure to determine whether these claims could be raised again, however, we will address them on the merits to determine whether Mr. Wimbley has made a substantial showing of the denial of a constitutional right. *See Spears v. Mullin*, 343 F.3d 1215, 1234 (10th Cir. 2003)

("We may deny relief on the merits of a claim even if that claim has not been exhausted in state court." (citing 28 U.S.C. § 2254(b)(2))).

The first is a claim of prosecutorial misconduct.

> When a defendant asserts claims of prosecutorial misconduct in a habeas petition, those claims are reviewed for a violation of due process. . . . To be entitled to relief, a defendant must establish that the prosecution's conduct or remarks so infected the trial with unfairness as to make the resulting conviction a violation of due process. Such a determination may be made only after taking notice of all the surrounding circumstances, including the strength of the state's case.

*Hamilton v. Mullin*, 436 F.3d 1181, 1187 (10th Cir. 2006) (internal quotation marks, citations, and brackets omitted).

Mr. Wimbley contends that the prosecutor misstated the law on premeditation during closing argument. The jury instructions stated: "As used in this instruction, 'premeditation' means to have thought the matter over beforehand." R. Vol. I at 204. Elaborating on the instruction, the prosecutor stated:

> The instruction says that premeditation . . . . [m]eans to have thought over the matter beforehand. . . . It doesn't require somebody going home and writing out what they are going to do. . . . Premeditation requires no specific time period. That's what the law is. . . . It can be a thought. Just like that (indicating)."

R. Vol. XVI at 969-70. Although the prosecutor's statement that "[p]remeditation requires no specific time period" did not misstate the law, *see State v. Moncla*, 936 P.2d 727, 738 (Kan. 1997), his additional statement that

-6-

premeditation "can be a thought[,] [j]ust like that," would likely be disapproved in Kansas, *see id*. (disapproving jury instruction that said premeditation "may arise in an instant." (internal quotation marks omitted)). Nevertheless, this was a statement by a prosecutor, not the court's instruction. The instruction was correct. *See Wimbley*, 26 P.3d at 663-64. Jurors are presumed to follow instructions. *See Hale v. Gibson*, 227 F.3d 1298, 1325 (10th Cir. 2000). For essentially this reason, the Kansas Supreme Court rejected this claim by Mr. Wimbley on direct appeal. *See Wimbley*, 26 P.3d at 663-64. In our view, no reasonable jurist could determine that this rejection constituted an unreasonable application of federal law.

Mr. Wimbley also contends that the prosecutor's comment on a witness's veracity constituted prosecutorial misconduct. The prosecutor stated: "They talk about Curtis Langford. Curtis Langford is a liar. Curtis Langford is probably involved with cleaning the body up, cleaning the evidence up. He's a liar." R. Vol. XVI at 1007. These statements did not deprive Mr. Wimbley of a fair trial. "We have not . . . established that referring to [a defendant's] testimony as a lie constitutes per se prosecutorial misconduct." *United States v. Hernandez-Muniz*, 170 F.3d 1007, 1012 (10th Cir. 1999). The chance of improper prejudice is even less when the alleged liar is a witness other than the defendant. And the impropriety lies not in the prosecutor's commenting on the evidence at trial but in the potential suggestion that the prosecutor is speaking from knowledge gained

outside the trial. Here, however, the prosecutor was commenting on the evidence at trial. He summarized some of the evidence regarding Mr. Langford and concluded by saying, "So you can give what credit and weight to whatever a witness testifies." R. Vol. XVI at 1007. Moreover, the jury was instructed, "It is for you to determine the weight and credit to be given the testimony of each witness. You have a right to use common knowledge and experience in regard to the matter about which a witness has testified," R. Vol. I at 201, and, "Statements, arguments, and remarks of counsel are intended to help you in understanding the evidence and in applying the law, but they are not evidence." *Id*. at 200. Because Mr. Wimbley has not made a substantial showing of the denial of a constitutional right on his prosecutorial-misconduct claim, we deny a COA on that claim.

Mr. Wimbley further contends that a jury instruction constructively amended the information on the firearms charge, and that his trial counsel was ineffective for failing to object to the instruction. "An indictment is constructively amended if the evidence presented at trial, together with the jury instructions, raises the possibility that the defendant was convicted of an offense other than that charged in the indictment." *Hunter v. New Mexico*, 916 F.2d 595, 599 (10th Cir. 1990) (internal quotation marks omitted). According to Mr. Wimbley, "The Information charged that petitioner did then and there unlawfully possess the firearm . . . , however, the trial court in its instructions to the jury

charged that he knowingly possessed the gun found. 'Knowingly' possessing a firearm was not alleged inside of the information." R. U.S.D.C. (D. Kan), No. 04-3320, Vol. 2 Doc. 2 at 50 (Memo. in Supp. of Pet. for Writ of Habeas Corpus (Sept. 24, 2004)). This constructive amendment, he contends, violated the Grand Jury Clause of the Fifth Amendment. *See Stirone v. United States*, 361 U.S. 212, 215-16 (1960) ("[A]fter an indictment has been returned its charges may not be broadened through amendment except by the grand jury itself."). But that Clause does not apply to state prosecutions. *See Hunter*, 916 F.2d at 598 n.5 ("In federal cases, charges may not be broadened once they are returned except by grand jury. Because this case involves a state court conviction originally filed by information, this aspect of the prohibition does not apply here." (internal citation omitted)).

In addition, however, he also contends that this instruction violated his Sixth Amendment right "to be informed of the nature and cause of the accusation." U.S. Const. amend. VI. We have held that a "fatal variance" between the indictment and the proof at trial denies a defendant this right. *Hunter*, 916 F.2d at 598. But not every variance between the indictment or information and the jury instructions is "fatal."

> A simple variance occurs when the charging terms are unchanged, but the evidence at trial proves facts materially different from those alleged in the indictment. This type of variance triggers harmless error analysis.

-9-

Where a simple variance exists, convictions generally have been sustained as long as the proof upon which they are based corresponds to an offense that was clearly set out in the indictment. Such a variance is fatal only when the defendant is prejudiced in his defense because he cannot anticipate from the indictment what evidence will be presented against him or is exposed to the risk of double jeopardy.

*Id*. at 598-99 (internal quotation marks and citations omitted); *see also United States v. Bailey*, 327 F.3d 1131, 1142 (10th Cir. 2003) ("A variance arises when the evidence adduced at trial establishes facts different from those alleged in the indictment, and denigrates the Sixth Amendment right 'to be informed of the nature and cause of the accusation.'" (internal quotation marks omitted)). Mr. Wimbley was not deprived of his right to notice of the charges against him. He "has shown no prejudice to his ability to defend himself at trial, to the general fairness of the trial, or to the indictment's sufficiency to bar subsequent prosecutions." *United States v. Miller*, 471 U.S. 130, 138 n.5 (1985). If anything, the jury instruction *narrowed* the indictment by requiring that the jury find that Mr. Wimbley "knowingly" possessed the firearm. *See id*. at 134-35 (1985) (defendant has sufficient notice of charges against him when proof at trial is narrower than charges brought in indictment); *see also McCoy v. United States*, 266 F.3d 1245, 1254 (11th Cir. 2001) (proving precise drug quantity not alleged in indictment "if anything, narrows the allegations of the indictment to that amount" and does not warrant reversal); *United States v. Castro*, 776 F.2d 1118, 1123 (3d Cir. 1985) ("Although this case presents a variance between the

indictment and the evidence produced at trial, we find that the variation did not broaden the bases for conviction, but instead narrowed the scope of the evidence to prove an offense included in the indictment."). Nor was his counsel ineffective for failing to raise this meritless claim. *See United States v. Cook*, 45 F.3d 388, 393 (10th Cir. 1995) (failure to raise a meritless issue "does not constitute constitutionally ineffective assistance of counsel" (internal quotation marks omitted)). In sum, Mr. Wimbley has not made a substantial showing of the denial of a constitutional right, so we deny a COA on this claim as well.

Next, Mr. Wimbley contends that his "trial counsel was ineffective for failing to move for a mistrial based on juror misconduct." Aplt. Br. at 14. But we have already determined that Mr. Wimbley's juror-misconduct claim is meritless, and therefore he does not have a claim for ineffective assistance. *See Cook*, 45 F.3d at 393. We deny a COA on this claim.

Mr. Wimbley also claims that his appellate counsel was ineffective for failing to raise a Fourth Amendment challenge to the search of Mr. Wimbley's sometime residence. We have reviewed the trial court's thorough ruling on Mr. Wimbley's motion to suppress. Mr. Wimbley points to no error in the court's ruling. He has not made a substantial showing that he was denied effective assistance of appellate counsel by the failure to raise on appeal a challenge to the denial of his motion to suppress. We therefore deny a COA on this claim also.

Finally, Mr. Wimbley contends that his appellate counsel rendered ineffective assistance by failing to raise the juror-misconduct, prosecutorial-misconduct, and constructive-amendment claims on appeal. Because these underlying claims are without merit, Mr. Wimbley's appellate counsel was not ineffective for failing to raise them. *See id.* at 393. No reasonable jurist could find otherwise, so we deny a COA on these claims.

We GRANT the pending motion by Mr. Wimbley to supplement his opening brief, DENY a COA, and DISMISS the appeal.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge