**F I L E D**

**UNITED STATES COURT OF APPEALS**

**March 28, 2007**

**TENTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff - Appellee, | No. 05-1566 |
| v. | D. Colorado |
| ROBERTO ESTRADA-LOZANO, | (D.C. No. 05-CR-220-PSF) |
| Defendant - Appellant. | |

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **BRISCOE**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Roberto Estrada-Lozano pled guilty to illegal reentry after deportation subsequent to an aggravated felony conviction in violation of 8 U.S.C. § 1326(a), (b)(2). He was sentenced to 57 months imprisonment. He appeals from his

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

sentence. We exercise jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291 and AFFIRM.

*I. Background*

Estrada-Lozano is a citizen of Mexico. When he was thirteen, he moved to the United States with his mother. In May 1993 at age eighteen, he pled guilty to misdemeanor use of a controlled substance and felony possession of cocaine for sale in the State of California (Case No. 163403). He was sentenced to a suspended sentence of 6 months imprisonment and 3 years probation. Three months later he was arrested again in California for felony possession of marijuana for sale (Case No. 167670). In November 1993, he pled guilty and was sentenced to 16 months imprisonment. Simultaneously, his probation was revoked in Case No. 163403 and he was sentenced to 2 years imprisonment, to run concurrent with his 16-month sentence. As a result of his possession of cocaine for sale conviction, Estrada-Lozano was deported on or about November 18, 1994.

His absence from the United States appears to have been short-lived. From December 1995 through February 2002, he was convicted in the State of Colorado of five misdemeanor driving-related offenses and one misdemeanor damage to property offense. He also fathered the child of an American citizen in approximately 1999. In August 2004, the police in Wheat Ridge, Colorado, arrested him after receiving a 911 call from his girlfriend (and mother of his

child) after he entered her residence through a window in violation of a temporary restraining order. That conduct led to a charge of first degree felony trespass of a dwelling, to which he pled guilty and was eventually sentenced to 2 years probation. In May 2005, the United States Bureau of Immigration and Customs Enforcement took him into custody.

Estrada-Lozano was indicted for illegal reentry after deportation subsequent to an aggravated felony conviction in violation of 8 U.S.C. § 1326(a), (b)(2). Pursuant to a plea agreement with the government, he pled guilty. In exchange, the government agreed to recommend a sentence at the bottom of the applicable advisory guideline range and agreed to a 3-point downward adjustment for acceptance of responsibility. A presentence investigation report (PSR) was prepared.

The PSR determined Estrada-Lozano's base offense level was 8 under the applicable guideline USSG §2L1.2.[1] Because Estrada-Lozano had been previously deported after a felony drug-trafficking conviction for which the sentence imposed exceeded 13 months, the base offense level was increased 16 levels under USSG §2L1.2(b)(1)(A). After applying a 3-level downward adjustment for acceptance of responsibility, *see* USSG §3E1.1, the total offense

---

[1] Estrada-Lozano was sentenced pursuant to the 2004 edition of the United States Sentencing Commission Guidelines Manual. All citations to the guidelines in this Order & Judgement refer to the 2004 guidelines unless otherwise indicated.

level was 21. Based on a Criminal History Category of IV, the sentencing guideline range was 57-71 months imprisonment.

Estrada-Lozano did not object to the PSR's factual statements or guideline calculations. Instead, he filed a motion for downward departure or for a sentence below the guideline range in light of the factors set forth in 18 U.S.C. § 3553(a). He claimed a downward departure was warranted because, *inter alia*, (1) his two most offensive prior convictions (possession for sale of marijuana and cocaine) involved small amounts of drugs and occurred when he was a teenager living in a community where many of his peers were involved in the use and sale of small amounts of drugs, (2) he had not been involved with the sale of drugs since those convictions, (3) the impact of those convictions has been disproportionate to the size and scale of those offenses,[2] and (4) he is culturally assimilated to the United States. Specifically, he has lived here since he was thirteen, has been educated in American high schools, has worked and contributed to society as a window washer, has been in a committed relationship with a United States citizen, who is

---

[2] Estrada-Lozano claimed:

> [He] was sentenced to a total of two years in prison, which was proportionate to the offenses. But the peripheral impact of the deportation and likely lifetime exile has been devastating beyond mere punishment. Not only was he cast from these shores, but he is now being punished because of those old mistakes by a very young man. He is looking at an additional three years because of the old drug convictions and the punishments received. It seems too much.

(R. Vol. I, Doc. 16 at 4.)

also the mother of his child, has siblings who live in the United States and does not know anyone in Mexico. Based on the above factors, Estrada-Lozano argued a 30-month sentence was appropriate. The government vigorously opposed the motion.

At the sentencing hearing, the court asked defense counsel what facts suggested Estrada-Lozano would not return to the United States. In reply, defense counsel said Estrada-Lozano was now aware of the consequences of illegally re-entering the United States and has a number of opportunities in Mexico due to his American education and fluency in both English and Spanish. Estrada-Lozano also personally informed the court he was sorry for illegally re-entering the country and "it will never happen again." (R. Vol. III at 8.) After consulting the advisory guidelines, considering the sentencing factors set forth in 18 U.S.C. § 3553(a) and reviewing the "very capable and articulate briefing on the motion to depart downward or otherwise sentence below the [guideline] range," the court adopted the PSR's guideline calculations and sentenced Estrada-Lozano to 57 months imprisonment. (*Id.* at 9.) While acknowledging it was a "tough sentence," the district court found no reason to depart from the guideline range or impose a sentence of variance with the guidelines[3], stating:

---

[3] A departure occurs "when a court reaches a sentence above or below the recommended Guidelines range through application of Chapters Four or Five of the Sentencing Guidelines." *United States v. Atencio*, 476 F.3d 1099, 1101, n.1 (10th Cir. 2007). A variance occurs "when a court enhances or detracts from the recommended range through application of § 3553(a) factors." *Id.*

> This particular defendant was put in a tough position as a youth. And, on the other hand, he has a criminal record that prevents him from becoming a citizen and prevents him from getting a lower sentence.
>
> And I do agree with the district judge in [*United States v. Morales-Chaires*, 430 F.3d 1124 (10th Cir. 2005)] that a sentence not only has to apply to this individual but it does have to fulfill the need to promote respect for the law.

(*Id*. at 9-10.) Estrada-Lozano timely appealed.

## *II. Discussion*

Estrada-Lozano argues his sentence was neither reasoned nor reasonable when viewed against the sentencing factors set forth in 18 U.S.C. § 3553(a). He also claims affording a presumption of reasonableness to sentences within the guideline range is unwarranted and in conflict with *United States v. Booker*, 543 U.S. 220 (2005).

### A. Reasonableness of Sentence

Estrada-Lozano argues his sentence is unreasonable in light of the factors set forth in § 3553(a) because the district court failed to consider his arguments regarding (1) the deterrent effect prison had on him, *i.e.*, he has not committed a drug-related crime since his 1993 convictions, (2) his personal assurance he would not re-enter the country illegally, and (3) his counsel's assurance he would not illegally return to the United States because he now understands the serious consequences and has opportunities in Mexico. Had the district court considered these arguments, he claims, a lesser sentence would have been imposed because

these facts adequately rebut the presumption of reasonableness accorded sentences imposed within a properly calculated guideline range. Estrada-Lozano also asserts the district court failed to provide reasons for rejecting his arguments. He alleges such reasoning is necessary to assist this Court in its reasonableness review.[4]

We review sentences imposed post-*Booker* for reasonableness. *United States v. Kristl*, 437 F.3d 1050, 1053 (10th Cir. 2006). Reasonableness "necessarily encompasses both the reasonableness of the length of the sentence, as well as the *method* by which the sentence was calculated." *Id.* at 1055; *see also United States v. Martinez*, 455 F.3d 1127, 1132 (10th Cir.) ("[S]entences must be both substantively and procedurally reasonable."), *cert. denied*, 127 S.Ct. 570 (2006). In this case, Estrada-Lozano is challenging both aspects of reasonableness.[5]

---

[4] Estrada-Lozano is not contesting the district court's discretionary denial of his motion for downward departure and rightly so because we do not have jurisdiction to review it. *United States v. Chavez-Diaz*, 444 F.3d 1223, 1229 (10th Cir. 2006).

[5] The government claims we should review Estrada-Lozano's arguments under the plain-error standard. Relying on *United States v. Lopez-Flores*, it claims that because Estrada-Lozano is challenging the method by which the district court arrived at his sentence, as opposed to its length, his failure to object to that method in the district court warrants plain-error review. 444 F.3d 1218, 1221-22 (10th Cir. 2006). Estrada-Lozano argues he is challenging *both* the reasonableness of the method used by the district court to impose sentence and its length. He further asserts *Lopez-Flores* has been limited by *United States v. Sanchez-Juarez*, 446 F.3d 1109 (10th Cir. 2006), which did not apply plain error review even though the defendant had not objected to the district court's sentencing method. We agree with Estrada-Lozano that he is challenging both the length of his sentence and the method used to impose it. However, we disagree that *Sanchez-Juarez* limited the scope of *Lopez-Flores*. In *Sanchez-Juarez*, the

(continued...)

-7-

As to the reasonableness of the length of his sentence, Estrada-Lozano does not challenge the district court's application of the guidelines or its calculation of the guideline range. Thus, because he was sentenced within that range, his sentence is entitled to a "rebuttable presumption of reasonableness." *Kristl*, 437 F.3d at 1054 ("[A] sentence that is properly calculated under the Guidelines is entitled to a rebuttable presumption of reasonableness."). "The defendant may rebut this presumption by demonstrating that the sentence is unreasonable in light of the other sentencing factors laid out in § 3553(a)." *Id*. at 1055. In rebuttal, Estrada-Lozano claims the district court failed to consider his arguments and failed to provide reasons for rejecting them. This argument requires us first to consider the reasonableness of the *method* by which Estrada-Lozano's sentence was imposed.

In *Booker*, the Supreme Court remedied the constitutional infirmity of the guidelines by invalidating their mandatory nature, requiring the district court to consult them in an advisory fashion but permitting the court to tailor the sentence in light of other sentencing goals set forth in 18 U.S.C. § 3553(a). 543 U.S. at 245-46 (severing and excising 18 U.S.C. § 3553(b)(1)). While the district court is required to consider § 3553(a)'s sentencing factors when imposing sentence, we have not required it to expressly mention each factor in imposing sentence. *See Martinez*, 455

[5](...continued)
standard of review was never addressed. Nevertheless, we need not resolve the issue. If the plain error standard of review does not apply, our conclusion would be the same—the method used to arrive at the sentence as well as the length of the sentence are reasonable.

F.3d at 1131-32 (rejecting defendant's argument that the district court erred by not specifically considering § 3553(a) where the court consulted the guidelines in an advisory fashion, exercised its discretion in sentencing below the guideline range, heard multiple arguments regarding the appropriate sentencing range and was familiar with the relevant facts); *United States v. Rines*, 419 F.3d 1104, 1107 (10th Cir. 2005) (noting that we do not require the district court to "march through § 3553(a)'s sentencing factors" when imposing sentence; upholding sentence where the district court stated it "looked at the record in its entirety," heard arguments regarding the appropriate sentence, and concluded a 70 month sentence was appropriate) (quotations omitted), *cert. denied*, 126 S.Ct. 1089 (2006).

In this case, the district court stated it had consulted the guidelines in an advisory fashion and considered the § 3553(a) sentencing factors.[6] It further stated it had reviewed the parties' briefs on whether Estrada-Lozano should receive a sentence below the advisory guideline range, which included the argument concerning the deterrent effect prison life had on him. It also adopted the factual statements and guideline applications in the PSR. The PSR contained a discussion of

---

[6] Those factors include: the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence, protect the public, and provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner; pertinent guidelines; pertinent policy statements; the need to avoid unwanted sentence disparities; and the need to provide restitution. 18 U.S.C. § 3553(a).

the § 3553(a) factors, focusing on Estrada-Lozano's criminal history and the fact previous probation and jail sentences had not deterred him from committing new crimes, including first degree felony trespass of a dwelling. While the district court did not expressly weigh each § 3553(a) factor, it did consider Estrada-Lozano's childhood and cultural assimilation to the United States, his criminal record, the likelihood he would recidivate and, in particular, the need for the sentence to promote respect for the law. Thus, the district court's sentencing method was proper.

Estrada-Lozano relies on *United States v. Sanchez-Juarez* for the proposition that a district court is required to state reasons for rejecting a non-frivolous motion for a sentence below the advisory guideline range. 446 F.3d 1109 (10th Cir. 2006). There, Sanchez-Juarez pled guilty to illegal reentry after deportation subsequent to an aggravated felony conviction. He did not object to the PSR's guideline calculation, instead filing a sentencing memorandum arguing for a sentence below the advisory guideline range. He claimed a lower sentence was warranted based on the relatively minor nature of his prior aggravated felony, his exceptional family circumstances (*i.e.*, his having to support a wife and two children), the harsher restrictions alien inmates receive in prison compared to their non-alien counterparts and the sentencing disparity caused by the existence of "fast-track" programs in

some jurisdictions but not in others.[7] The government opposed a sentence below the advisory guideline range, claiming there was nothing atypical about Sanchez-Juarez's background as many defendants have dependent spouses and children. It also asserted his prior alien transporting conviction was expressly addressed in the guidelines as a conviction warranting a 16-level enhancement. The district court adopted the PSR's guideline calculation range and sentenced Sanchez-Juarez to the bottom of that range. Sanchez-Juarez appealed, claiming his sentence was procedurally unreasonable because the district court failed to state reasons for the sentence it imposed and to consider his arguments that the § 3553(a) factors warranted a sentence below the applicable guideline range.

On appeal, we acknowledged that the district court's decision to impose a sentence at the bottom of the guideline range could be interpreted as a functional rejection of Sanchez-Juarez's arguments and a denial of his request for a below-guideline sentence. *Id.* at 1115. However, because the court stated no reasons for the sentence it imposed (other than citing Sanchez-Juarez's offense conduct and noting it had reviewed the PSR's factual findings and considered the guideline applications) and did not refer to the § 3553(a) factors, we concluded remand was appropriate. *Id.* at 1115, 1118. While we recognized that both before and after *Booker* we have not demanded the district court to recite any magic words to show us

---

[7] A "fast-track" program provides for reduced sentences in illegal reentry cases where a defendant pleads guilty. *Sanchez-Juarez*, 446 F.3d at 1112.

it considered the § 3553(a) factors, we found this principle did not mean we could presume the district court weighed the defendant's arguments in light of § 3553(a) where the record provides no indication it did so and no clear explanation of the sentence imposed. *Id.* at 1115-16. We also rejected the government's argument that the presumption of reasonableness we afford a sentence within the guideline range renders moot any question concerning the adequacy of the district court's sentencing method. *Id.* at 1116-17. We concluded that requiring the district court to state its reasons for rejecting a party's nonfrivolous motion for a sentence below the guideline range was not incompatible with that presumption. *Id.* at 1117. In sum, we held:

> We are therefore persuaded that our pre-*Booker* requirement that district courts provide sufficient reasons to allow meaningful appellate review of their discretionary sentencing decisions continues to apply in the post-*Booker* context. In particular, where a defendant has raised a nonfrivolous argument that the § 3553(a) factors warrant a below-Guidelines sentence and has expressly requested such a sentence, we must be able to discern from the record that the sentencing judge did not rest on the guidelines alone, but considered whether the guidelines sentence actually conforms, in the circumstances, to the statutory factors.

*Id.* at 1118 (quotations omitted).

*Sanchez-Juarez* is clearly distinguishable. Unlike the district court in *Sanchez-Juarez*, the court in this case stated it had considered the § 3553(a) sentencing factors. The court's discussion at sentencing supports this, as it expressly mentioned Estrada-Lozano's background, criminal history and the need for the

-12-

sentence to promote respect for the law. It further considered whether Lozano-Juarez was likely to illegally re-enter the country, as evidenced by its inquiry to defense counsel seeking assurances that Estrada-Lozano would not return to the United States without permission. It is also clear from the record the reasons the court rejected Estrada-Lozano's motion for a below-guideline sentence, *i.e.*, his criminal history and the need for the sentence to promote respect for the law. Moreover, the PSR, unlike the PSR in *Sanchez-Juarez*, contained a discussion of the § 3553(a) factors and made a sentencing recommendation based on those factors. *Compare Sanchez-Juarez*, 446 F.3d at 1115 n.6 (noting PSR, unlike others we had seen, did not refer to or discuss the § 3553(a) factors or make a sentencing recommendation based on those factors). Thus, the record reflects the district court "did not rest on the guidelines alone, but considered whether the guidelines sentence actually conforms, in the circumstances, to the statutory factors." *Id.* at 1118 (quotations omitted).[8]

---

[8] We recently clarified a district court's duty of explanation at sentencing. *United States v. Ruiz-Terrazas*, -- F.3d --, No. 06-2138, 2007 WL 576034 (10th Cir. Feb. 26, 2007). There, like here, the district court entertained extensive § 3553(a) argument and explained on the record it had considered the § 3553(a) factors. Nevertheless, Ruiz-Terrazas claimed the district court committed reversible error because it failed to specifically state why it rejected his § 3553(a) arguments. Applying plain error review, we concluded the district court committed no error. *Id.* at *2. We noted that while § 3553(c)(2) requires a district court to provide a specific statement of reasons when imposing a sentence outside the guidelines, § 3553(c)(1) only requires the court to provide a general statement of reasons when imposing a sentence falling within the guideline range. *Id.* We also cited to *United States v. Lopez-Flores,* 444 F.3d 1218 (10th Cir.

(continued...)

-13-

Having found Estrada-Lozano's sentence to be procedurally reasonable, we now turn to whether he has rebutted the presumption of reasonableness that attaches to his correctly calculated guideline range sentence. He attempts to rebut the presumption by pointing to the deterrent effect prison has had on him and his assurances that he would not re-enter the country illegally. As to the former argument, he claims he has not committed another drug-related crime since he was released from prison in 1994. However, he has committed several non-drug related crimes, including several driving-related misdemeanors, a damage to property misdemeanor, a first degree felony trespass of a dwelling, and, of course, illegally re-entering this country after being deported. While he downplays the seriousness of these offenses, their commission demonstrate a disrespect for the laws of this country. Indeed, one of the § 3553(a) factors the district court relied upon in imposing sentence was the need for the sentence to promote respect for the law.

---

[8](...continued)
2006), for the proposition that a district court need not recite any magic words to prove it considered § 3553. *Id.* at *4 (quotations omitted). Lastly, we rejected Ruiz-Terrazas' reliance on *Sanchez-Juarez*. *Id.* at *5. We concluded *Sanchez-Juarez* and its progeny simply hold "we will step in and find error when the record gives us reason to think that our ordinary (*Lopez-Flores*) presumption that the district court knew and applied the law is misplaced." *Id.* We also distinguished *Sanchez-Juarez* based on the fact there was no indication in *Sanchez-Juarez* that the district court considered the § 3553(a) factors and we could not discern a clear explanation for the sentence given. *Id.* Because the district court had entertained Ruiz-Terranza's § 3353(a) arguments, indicated on the record it had considered the § 3553(a) factors and proceeded to explain its reliance on sentencing guideline range, we determined *Sanchez-Juarez*'s reasoning was inapplicable. The same is true here.

We similarly reject Estrada-Lozano's argument that a below guideline range sentence was appropriate because he (as well as his counsel) assured the court he would not illegally re-enter the country. The district court obviously considered these assurances (indeed it asked for them) but still found a sentence below the guideline range was not warranted.[9] Notwithstanding Estrada-Lozano's personal assurances, the district court did not err in concluding such assurances did not warrant a sentence below the advisory guideline range (the national norm) in this case. *United States v. Gonzalez-Huerta*, 403 F.3d 727, 738 (10th Cir.) (en banc), *cert. denied*, 126 S.Ct. 495 (2005). His bilingual abilities and American education were present before he illegally re-entered the country after his 1994 deportation. Moreover, we presume such assurances are standard fare in cases such as this. That does not make them credible.

B.  Rebuttable Presumption

Estrada-Lozano claims affording a presumption of reasonableness to sentences within the guideline range is unwarranted and in conflict with *Booker*. At the same time he recognizes our contrary precedent. *Kristl*, 437 F.3d at 1054-55. The

---

[9] That consideration could, and should, be fleeting. This defendant's assurances that he has learned his lesson and is now irrevocably committed to a law abiding life hardly resonates in the crucible of unremitting criminal behavior. And it is, indeed, mystifying how anyone would think the echo of hollow promises uttered by defense counsel could add credence to the incredible. No court should ever be required to give lengthy or serious consideration to such cultivated and dubious assertions. Past behavior is the best predictor of future behavior.

argument has been preserved for further review, which is Estrada-Lozano's stated purpose for raising it.

AFFIRMED.

ENTERED FOR THE COURT

Terrence L. O'Brien
Circuit Judge