**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 29, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JOSEPH ALAN JENKINS,

    Defendant - Appellant.

No. 23-6198
(D.C. No. 5:22-CR-00406-R-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **BALDOCK**, and **FEDERICO**, Circuit Judges.
_____

Joseph Alan Jenkins appeals his 72-month prison sentence for unlawful possession of a firearm after a prior felony conviction in violation of 18 U.S.C. § 922(g)(1). Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. _See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.  Background

In August 2022, Mr. Jenkins's girlfriend reported that he had knocked her unconscious, kept her locked in their residence, then threatened to kill her and her family if she spoke to police.  When police searched the residence, they found two guns.  Mr. Jenkins was charged in state court with domestic abuse, kidnapping, and planning or threatening a violent act, Okla. Stat. tit. 21, §§ 644.1, 741, 1378.  Those charges were later dismissed due to a lack of victim cooperation.

In this case, Mr. Jenkins was indicted for a single count under § 922(g)(1) for possession of the guns found in the residence.  He pled guilty without a plea agreement.  A presentence investigation report (PSR) summarized his criminal history, which included six juvenile adjudications and seven adult convictions.  Two of the convictions were for unlawful firearm possession.  In both of those, he was reported to have used a gun while committing an assault.  The PSR calculated an advisory sentencing range of 30 to 37 months under the U.S. Sentencing Guidelines.  Neither party disputed that calculation.  The PSR also noted reasons the court might impose an above-guidelines sentence, including Mr. Jenkins's criminal history, the guidelines' failure to account for the alleged assault and kidnapping, and concerns with gun possession tied to domestic violence.

In a sentencing memorandum, Mr. Jenkins argued for a sentence at the bottom of the advisory guidelines range.  He emphasized difficulties in his personal history and argued he had not used the guns underlying the § 922(g)(1) conviction in any crime, including the alleged assault and kidnapping.  In objections to the PSR, he

disputed his girlfriend's allegations. He also objected to the PSR's narrative descriptions of his prior gun convictions and its citation to a report about domestic violence prepared by the Oklahoma Attorney General's office.

At sentencing, Mr. Jenkins recognized that the court might impose a "prolonged" sentence based on his criminal history, R. Vol. 3 at 6, and that it could also consider the circumstances of the alleged assault and kidnapping. He argued his criminal history warranted a sentence near the top of the guidelines range but not above it, given his personal history and the lack of evidence that he had used the guns underlying his conviction in a crime. The government argued for a sentence at or above the top of the guidelines range.

The district court imposed a sentence of 72 months. The judge stated he had considered the PSR, Mr. Jenkins's memorandum, the parties' arguments, and the 18 U.S.C. § 3553(a) factors. He identified Mr. Jenkins's criminal history and dangerousness and the need to protect the public as reasons to impose an above-guidelines sentence:

> I look back at your criminal history, and it's one that's replete with—with violence, drugs, and alcohol, and, of course, that's what led to this—this prosecution today.

> It's just fortunate that you've never killed anybody. You haven't, but I consider you a danger to society, and I think—I agree with the recommendation from the probation office that an upward variance is appropriate.

> With this in mind, it's the judgment of the Court the defendant is committed to the custody of the Bureau of Prisons for a term of 72 months.

3

R. Vol. 3 at 10. After advising Mr. Jenkins of his right to appeal and asking for any requested place of incarceration, the court then recessed without asking if there were other objections or anything else to address. In the written statement of reasons accompanying its judgment, the court indicated the upward variance was based on Mr. Jenkins's past violence, firearms convictions, and drug and alcohol use, as well as the need to protect the public.

Mr. Jenkins appeals, arguing his sentence is procedurally unreasonable because the district court's explanation was insufficient, and substantively unreasonable because it is too long.

## II. Legal Standards

"[W]e review 'all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard.'" *United States v. Gross*, 44 F.4th 1298, 1301 (10th Cir. 2022) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). "Our reasonableness review has two aspects: procedural and substantive." *United States v. Cookson*, 922 F.3d 1079, 1091 (10th Cir. 2019). Procedural reasonableness "consider[s] whether the district court committed any error in calculating or explaining the sentence." *Id.* (internal quotation marks omitted). Such errors might include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall*, 552 U.S. at 51.

4

"When reviewing a sentence for substantive reasonableness, we focus on whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." *Cookson*, 922 F.3d at 1091 (internal quotation marks omitted).

### III. Discussion

### A. Procedural Reasonableness

### 1. Standard of Review

We first must decide which standard of review to apply in addressing procedural reasonableness under the circumstances of this case. The government argues we should review only for plain error because Mr. Jenkins did not make a contemporaneous objection to the district court's explanation of its sentence. *See United States v. Uscanga-Mora*, 562 F.3d 1289, 1293 (10th Cir. 2009) ("[P]lain error review obtains when counsel fails to render a contemporaneous objection to the procedural adequacy of a district court's statement of reasons at sentencing."). Mr. Jenkins argues the district court did not give him a fair opportunity to object after announcing its sentence, so our regular standard of review should apply. *See id.* at 1294 (stating plain error review applies "only when counsel has been given, but has not taken advantage of, an *opportunity* to voice his or her objection"). We apply our regular standard of review, both because the record is not clear as to whether Mr. Jenkins's counsel had a fair opportunity to make a contemporaneous objection, and because we would affirm under either standard.

2. Relevant Legal Principles

A party's argument that the district court "fail[ed] to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range"—is a challenge to procedural reasonableness. *Gall*, 552 U.S. at 51. However, an adequate explanation is also "relevant to whether the length of the sentence is substantively reasonable because a sentence is more likely to be within the bounds of reasonable choice when the court has provided a cogent and reasonable explanation for it." *Cookson*, 922 F.3d at 1091 (internal quotation marks and brackets omitted). "A limited, brief, or inconsistent explanation . . . puts at risk the substantive reasonableness of any decision the district court reached" by hindering appellate review. *Id.* (internal quotation marks and brackets omitted).

We address procedural reasonableness first. *See Gall*, 552 U.S. at 51 ("[The court of appeals] must first ensure that the district court committed no significant procedural error . . . ."). To adequately explain the sentence chosen, "[t]he sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007). "Sometimes the circumstances will call for a brief explanation; sometimes they will call for a lengthier explanation." *Id.* at 357. "Where the judge imposes a sentence outside the Guidelines, the judge will explain why he has done so." *Id.* "[A] major variance should be supported by a more significant justification than a minor one." *Cookson*, 922 F.3d at 1092 (internal quotation marks and brackets omitted).

6

### 3. Analysis

Although the district court's explanation was brief, it does not preclude meaningful appellate review or leave us unsure it had a reasoned basis for the chosen sentence. The court explained it was varying upwards because of Mr. Jenkins's criminal history and the need to protect the public. These are valid reasons for varying above the guidelines under § 3553(a)(1) and (a)(2)(C), respectively, and supported by the record here, including the facts summarized in the PSR. Indeed, Mr. Jenkins acknowledged that his criminal history could lead to a lengthy sentence.

Mr. Jenkins argues the district court should have offered a longer discussion or more detail, but he has not shown the explanation it gave was legally insufficient. District courts must provide "sufficient" reasoning, but "need not necessarily provide 'extraordinary' facts to justify *any* statutorily permissible sentencing variance, even one as large as the 100% [downward] variance in *Gall*." *United States v. Smart*, 518 F.3d 800, 807 (10th Cir. 2008). Mr. Jenkins criticizes the court for not discussing factors other than his criminal history, substance use, and dangerousness. But it was not required to address every § 3553(a) factor. *See United States v. Martinez*, 455 F.3d 1127, 1132 (10th Cir. 2006) ("[T]he sentencing court does not abuse its discretion by failing to mention each of the § 3553(a) factors."). Although we agree with Mr. Jenkins that a longer explanation would have been preferable, the district court identified the factors that led to its sentence and we conclude its explanation was adequate in the circumstances of this case, even if barely so.

Mr. Jenkins also objects that the district court failed to explain "why the guidelines were insufficient" or "how this particular number [72 months] was sufficient but not greater than necessary." Aplt. Opening Br. at 15. But the district court's explanation makes clear that it found a guidelines sentence insufficient because it considered Mr. Jenkins a danger to the public. Mr. Jenkins does not cite any authority that required the court to detail how it chose a specific length of incarceration. The length of the sentence was statutorily permissible and not so long that it required further explanation, given the straightforward issues raised. *Cf. Rita*, 551 U.S. at 356 (concluding brief explanation of within-guidelines sentence was sufficient where the arguments were "straightforward" and "conceptually simple").

Further, Mr. Jenkins argues the district court "*may* have relied on the unadjudicated conduct" of the alleged domestic assault and kidnapping, but "made no mention of it." Aplt. Opening Br. at 14 (emphasis added). We do not see a procedural error here either. Mr. Jenkins argued the district court should not vary upwards based on the alleged assault and kidnapping, facts which relate to the "nature and circumstances of the offense," § 3553(a)(1). The court then explained it was varying upwards based on Mr. Jenkins's criminal history, which relates to "the history and characteristics of the defendant," § 3553(a)(1), and the need "to protect the public from further crimes of the defendant," § 3553(2)(C). It did not raise the circumstances of the offense. Mr. Jenkins has not cited authority that required the district court to address factors it did not rely on. To the contrary, district courts are not required to "march through § 3553(a)'s sentencing factors." *See United States v.*

8

*McClaflin*, 939 F.3d 1113, 1121 (10th Cir. 2019) (quoting *United States v. Rines*, 419 F.3d 1104, 1107 (10th Cir. 2005)).  We will not reverse based on Mr. Jenkins's supposition that the district court unduly relied on the circumstances of the offense, but without mentioning them.

Last, we address whether reversal is warranted because the district court did not specifically address each of Mr. Jenkins's arguments.  "When a district court has varied upwards from the Guidelines, our cases have generally required the district court to specifically address and reject the arguments the defendant made for a more lenient sentence."  *United States v. Wireman*, 849 F.3d 956, 962–63 (10th Cir. 2017).  Mr. Jenkins argued for a within-guidelines sentence based on his personal history, the circumstances of the offense, and studies suggesting longer sentences do not deter future crimes.  The district court did not specifically address and reject his arguments.  That omission could constitute procedural error.  *See United States v. Lente*, 647 F.3d 1021, 1035, 1037 (10th Cir. 2011) (reversing where district court varied upwards without addressing defendant's material non-frivolous arguments related to § 3553(a) factors).

However, we do not resolve whether the district court was required to more specifically address each of Mr. Jenkins's arguments, because we conclude he has waived a claim of procedural error on this basis.  "[C]ursory statements, without supporting analysis and case law, fail to constitute the kind of briefing that is necessary to avoid application of the forfeiture doctrine."  *Bronson v. Swensen*, 500 F.3d 1099, 1105 (10th Cir. 2007).  The section of Mr. Jenkins's brief arguing

9

procedural errors is minimal.  He argues the district court "failed . . . to provide sufficient reasoning" and "did not discuss how the different [§] 3553(a) factors weighed in its analysis."  Aplt. Opening Br. at 19.  He contends its "sparse comments" did not justify its sentence.  *Id.* at 19–20.  But he does not argue the failure to address his arguments was itself a procedural error, and he does not cite authority that would support such an argument.[1]

In his argument on substantive reasonableness, Mr. Jenkins does point out that the district court did not specifically address his arguments.  *See id.* at 14, 15.  But even incorporating those points into his procedural argument, he has not claimed this failure was itself a procedural error or cited authority that would support such a claim.  At bottom, his argument is that the district court inadequately justified its upward variance.  *See id.* at 16 (arguing "[t]here were no comments or findings . . . to ensure the justification was sufficiently compelling . . . ." (internal quotation marks and brackets omitted)).  Under our case law, we understand that argument as a challenge to substantive reasonableness.  *See Lente*, 647 F.3d at 1031 ("A challenge to the sufficiency of the justifications for the sentence is a substantive reasonableness challenge.").  We therefore conclude Mr. Jenkins waived any argument based on the procedural requirement for the district court to specifically reject his arguments.

---

[1] Mr. Jenkins does cite *Cookson* and *United States v. Pinson*, 542 F.3d 822 (10th Cir. 2008), both of which state the requirement for a district court to address a defendant's material non-frivolous arguments.  *See Cookson*, 922 F.3d at 1091; *Pinson*, 542 F.3d at 833.  But he cites only to other portions of the opinions, to support different propositions of law.  *See* Aplt. Opening Br. at 13, 19.

To be clear, this conclusion is a close call, especially given the "unavoidable overlap" between procedural and substantive reasonableness. *United States v. Barnes*, 890 F.3d 910, 917 (10th Cir. 2018). But in this case we will heed our own direction to "avoid unduly blurring the line" between the two. *Id.* Mr. Jenkins advances a substantive reasonableness argument, that the district court should have chosen a shorter sentence based on his arguments. He does not make, or support with authority, the procedural argument, that the district court was *required* to address and reject each of his § 3553(a) arguments. Because "we cannot make arguments for [him]," we treat that procedural argument as waived. *In re Syngenta AG MIR 162 Corn Litig.*, 111 F.4th 1095, 1112 (10th Cir. 2024) (internal quotation marks omitted); *see also United States v. Walker*, 918 F.3d 1134, 1151, 1152 (10th Cir. 2019) (stating arguments advanced only in a perfunctory manner" may be deemed waived; holding the government waived a substantive reasonableness challenge by providing only "skeletal briefing" (internal quotation marks omitted)); *United States v. Wilfong*, 551 F.3d 1182, 1188 (10th Cir. 2008) (concluding defendant waived challenge to reasonableness of above-guidelines sentence because he "[did] not cite any authority, nor give any discussion beyond simply listing the ways in which (he believes) the district court abused its discretion"); Fed. R. App. P. 28(a)(8)(A) (requiring appellant to cite authorities on which he relies).

### B. Substantive Reasonableness

In reviewing the substantive reasonableness of a sentence, we apply a deferential abuse of discretion standard and "uphold even substantial variances when

the district court properly weighs the § 3553(a) factors and offers valid reasons for the chosen sentence." *Barnes*, 890 F.3d at 916.  We reverse "only if the sentence imposed was arbitrary, capricious, whimsical, or manifestly unreasonable, or if the district court exceeded the bounds of permissible choice, given the facts and the applicable law in the case at hand." *United States v. McCrary*, 43 F.4th 1239, 1249 (10th Cir. 2022) (internal quotation marks omitted).  "We do not reweigh the § 3553 sentencing factors but instead ask whether the sentence fell within the range of rationally available choices that facts and the law at issue can fairly support." *Id.* (internal quotation marks and brackets omitted).

If the district court varies above the guidelines, we "may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Gall*, 552 U.S. at 51.  We use the district court's explanation "to assist us in determining whether [it] abused its discretion in weighing the § 3553(a) factors." *Cookson*, 922 F.3d at 1092 (internal quotation marks omitted).  However, the district court need not give equal weight to each factor, and we defer to how it weighed the facts.  *See id.* at 1094.

Given our deferential review, we cannot say Mr. Jenkins's sentence was substantively unreasonable.  Although he emphasizes that his sentence was nearly twice the top of the guidelines range, an above-guidelines sentence is not presumed to be unreasonable.  *Id.* at 1090.  Similarly, the percentage of the variance does not by itself show the sentence was unreasonable.  *See Gall*, 552 U.S. at 47–48 (stating "deviations . . . always appear more extreme—in percentage terms—when the

12

[guidelines] range itself is low"); *United States v. Huckins*, 529 F.3d 1312, 1317–18 (10th Cir. 2008) (stating we do not "mathematically calculate the percentage variance . . . and use that percentage as the standard for determining the strength of the justifications required" (internal quotation marks omitted)); *see also McCrary*, 43 F.4th at 1249 (concluding a sentence "four times as long as the high end of [the guidelines] range" was not substantively unreasonable).

Here, the district court imposed an above-guidelines sentence because it concluded Mr. Jenkins posed a danger to the public based on his criminal history, which includes past convictions for unlawful gun possession tied to violent acts. Mr. Jenkins does not challenge that assessment of his criminal history; he instead asks us to give greater weight to other factors. Doing so would be contrary to our appellate role. *See McCrary*, 43 F.4th at 1249. Because the district court's weighing of the § 3553(a) factors was not manifestly unreasonable and its sentence did not exceed the bounds of permissible choice, it was not substantively unreasonable. *See Barnes*, 890 F.3d at 915; *see also, e.g.*, *Gross*, 44 F.4th at 1301, 1305 (affirming variance from 71-month top of guidelines range to 120-month statutory maximum based on criminal history); *United States v. Pinson*, 542 F.3d 822, 836, 837 (10th Cir. 2008) (affirming "unusually large" upward variance imposed because of the "district court's belief that [the defendant] posed a danger to the public," despite noting "some qualms" about the sentence on appeal).

13

### III. Conclusion

We affirm the district court's sentence and judgment.

Entered for the Court

Gregory A. Phillips
Circuit Judge