**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 16 1999**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARIANO HERNANDEZ-MUNIZ,

Defendant - Appellant.

No. 97-2303

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**
**(D. Ct. No. CR-96-611-BB)**

---

Submitted on the briefs:[*]

Michael G. Katz, Federal Public Defender, and Jenine Jensen, Assistant Federal Public Defender, Denver, Colorado, for Defendant-Appellant.

John J. Kelly, United States Attorney, and David N. Williams, Assistant United States Attorney, Albuquerque, New Mexico, for Plaintiff-Appellee.

---

Before **TACHA**, **BALDOCK**, and **MURPHY**, Circuit Judges.

---

[*]After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

**TACHA**, Circuit Judge.

Defendant/Appellant Mariano Hernandez-Muniz appeals his federal court conviction for possession with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). He alleges several trial errors that he claims deprived him of his constitutional rights and require reversal of his conviction. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

## Background

On September 21, 1996, Hernandez-Muniz and co-defendant Robert Abbud drove a car from Mexico into the United States Border Patrol checkpoint at Orogrande, New Mexico. In response to routine questioning, the men told Agent Jesus Torres that they were going mountain biking in Ruidoso, New Mexico. Agent Torres became suspicious because most mountain bikers coming through the checkpoint prefer other areas to Ruidoso, because the car had a temporary tag instead of a license plate, and because Abbud, the driver of the car, was visibly nervous. Agent Torres asked for and received permission to have the car inspected by a border patrol canine. The dog alerted to the rear bumper of the car, and a subsequent search revealed two bundles of cocaine totaling over five pounds concealed inside the bumper. Agents arrested the men, and, on October 5, 1996, a federal grand jury returned a one-count indictment charging them with violating 21 U.S.C. §§ 841(a)(1) and (b)(1)(B).

Abbud initially told an officer that Hernandez-Muniz had provided the car but had nothing to do with the cocaine. Hernandez-Muniz told Agent Ray Sanchez that Abbud owned the car and that he did not know Abbud well. Abbud pled guilty prior to Hernandez-Muniz's trial and testified for the government against defendant. Abbud testified that he had known Hernandez-Muniz for years and that Hernandez-Muniz had provided the car, knew about the drugs, and actually proposed the whole plan.

Agent Sanchez also testified at defendant's trial. However, when the prosecution sought to question him regarding the statement Hernandez-Muniz made to him, defense counsel objected because the government had not disclosed the statement during discovery. After questioning counsel outside the presence of the jury, the trial court ruled that the government had adequately disclosed the substance of Hernandez-Muniz's statement when Agent Sanchez testified about it at a preliminary hearing. The court noted that defendant's trial counsel had attended the preliminary hearing and cross-examined Agent Sanchez.

Defendant exercised his Fifth Amendment right not to testify at trial. During his closing argument, the prosecutor emphasized the importance of several statements made by defendant that were admitted at trial through the testimony of third-party witnesses. The prosecutor also argued that some of the defendant's statements were "lies." Defense counsel raised no contemporaneous objection to

the prosecutor's closing argument. At the conclusion of the trial, the jury returned a guilty verdict. The trial court imposed a sentence of eighty-four months.

In this appeal, defendant alleges three sources of reversible error. First, he claims that the federal prosecutor failed to adequately disclose prior to trial his statement to Agent Sanchez. Second, defendant asserts that the prosecutor engaged in impermissible conduct during his closing argument by referring to the fact that defendant had not testified at trial and injecting his personal opinion as to the credibility of defendant's statements. Third, defendant claims that even if the individual errors do not warrant reversal, their cumulative effect rendered the trial fundamentally unfair.

## I.

Hernandez-Muniz contends that the government's alleged failure to disclose his statement to Agent Sanchez violated Federal Rule of Criminal Procedure 16, United States District Court for the District of New Mexico Local Criminal Procedure Rule ("Local R. Crim. P.") 16.1, and his due process rights under Brady v. Maryland, 373 U.S. 83 (1963). Discovery rulings rest within the sound discretion of the district court, and we review them only for abuse of discretion. See, e.g., Pippinger v. Rubin, 129 F.3d 519, 533 (10th Cir. 1997). Even if the district court erred in admitting defendant's statement at trial, we

review his claim for harmless error.  See Fed. R. Crim. P. 52(a); United States v. Scafe, 882 F.2d 928, 936 (10th Cir. 1987).  The applicable harmless error standard, as articulated in Kotteakos v. United States, 328 U.S. 750, 765 (1946), requires that the error have a "'substantial influence' on the outcome of the trial." United States v. Nieto, 60 F.3d 1464, 1468 (10th Cir. 1995) (quoting United States v. Perez, 989 F.2d 1574, 1583 (10th Cir. 1993) (en banc)).  We review Brady claims de novo.  See Newsted v. Gibson, 158 F.3d 1085, 1094 (10th Cir. 1998).

Federal Rule of Criminal Procedure 16(a)(1)(A) provides that the government "must . . . disclose to the defendant the substance of any . . . relevant oral statement made by the defendant whether before or after arrest in response to interrogation by any person then known by the defendant to be a government agent if the government intends to use that statement at trial."  In addition, Local R. Crim. P. 16.1 provides: "If a question exists of the exculpatory nature of material sought under Brady, it will be made available for in camera inspection at the earliest possible time.  Motions to enforce the continuing duty of the U.S. Attorney's Office . . . should not be necessary."  Defendant claims that the prosecutor violated these rules by failing to disclose defendant's statement to Agent Sanchez.  We disagree.

Federal Rule 16 only requires the government to alert the defendant as to

the "substance" of his unrecorded oral statements made under interrogation. Agent Sanchez testified at a preliminary hearing and disclosed the substance of defendant's statement to him. Defendant's trial counsel attended this hearing and cross-examined Agent Sanchez. In addition, the prosecution made available to the defendant transcripts of Sanchez's preliminary hearing testimony. We find, under these circumstances, that the government met its disclosure obligations under Rule 16.

The underlying purposes of Rule 16 further support our conclusion. Rule 16 is designed to provide the defendant with sufficient information to make an informed decision about a plea, to allow the court to rule on admissibility motions before trial, to minimize prejudicial surprise at trial, and to generally increase the efficiency of litigation. See Fed. R. Crim. P. 16 advisory committee notes to the 1974 amendment. The disclosure of the defendant's statement at the preliminary hearing, along with provision of the hearing transcript, combine to satisfy these purposes. Defendant cannot now complain about a lack of notice or prejudice in this matter. The district court did not abuse its discretion in admitting the statement.

The above analysis also disposes of defendant's Brady argument and his argument regarding a violation of Local R. Crim. P. 16.1. The Supreme Court in Brady held that "the suppression by the prosecution of evidence favorable to an

accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. at 87; see also Newsted, 158 F.3d at 1094. "[E]vidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." United States v. Bagley, 473 U.S. 667, 682 (1985). Because we find that the government did not "suppress" the statement at issue, we need not evaluate the statement's nature and materiality.

Defendant argues that because his statement was not included "in the discovery," the government suppressed it. However, "[t]here is no general constitutional right to discovery in a criminal case, and Brady did not create one." Weatherford v. Bursey, 429 U.S. 545, 559 (1977). The government violates a defendant's due process rights when it fails to provide him with exculpatory information, but due process does not necessarily require disclosure in a specific form or manner. The government provided the allegedly exculpatory information at the preliminary hearing. As the Eighth Circuit noted in a case based on similar facts, "[t]here could be no suppression by the state of evidence already known by and available to [defendant] prior to trial." DeBerry v. Wolff, 513 F.2d 1336, 1340 (8th Cir. 1975). Because there is no Rule 16 or Brady violation, we also find no violation of Local R. Crim. P. 16.1. Accordingly, defendant's discovery

claims have no merit.

## II.

Hernandez-Muniz next claims that the prosecutor engaged in misconduct during his closing argument by allegedly commenting on Hernandez-Muniz's failure to testify and expressing his personal opinion about Hernandez-Muniz's credibility. Because Hernandez-Muniz did not contemporaneously object, we review this claim for plain error only. See United States v. Russell, 109 F.3d 1503, 1514 (10th Cir.), cert. denied, 117 S. Ct. 2525 (1997); United States v. Barton, 731 F.2d 669, 674 (10th Cir. 1984) (applying plain error analysis to alleged Griffin violation). Plain error must be so "egregious" as to result in a "miscarriage of justice." Russell, 109 F.3d at 1514 (quoting United States v. Young, 470 U.S. 1, 15 (1985)). We view the prosecutor's comments in the context of the entire case. See id.

Defendant asserts that the government violated his Fifth Amendment right not to testify against himself and committed plain error when the prosecutor, during his closing argument, stated that "the most important witness in this case was Mr. Hernandez." R., Vol. II at 213. Under Griffin v. California, 380 U.S. 609, 614 (1965), prosecutorial comment on a defendant's failure to testify violates the Fifth Amendment. "[A] statement is improper if 'the language used was manifestly intended or was of such character that the jury would naturally and

necessarily take it to be a comment on the failure of the accused to testify.'"

United States v. McIntyre, 997 F.2d 687, 707 (10th Cir. 1993) (quoting Knowles

v. United States, 224 F.2d 168, 170 (10th Cir. 1955)). While defendant chose not

to testify at trial, the government admitted several of his statements into evidence

through the testimony of those to whom defendant had spoken. In proper context,

we do not find that the prosecutor's isolated comment constituted a Griffin

violation.

First, the immediate context of the statement itself shows that the

prosecutor did not attempt to comment on defendant's failure to testify. The

prosecutor instead tried to explain the significance of the defendant's statements

admitted through the testimony of others. He stated: "although Mr. Abbud was an

important witness, the most important witness in this case was Mr. Hernandez.

When he was talking to Agent Flores, when he was talking to Mrs. Abbud, and

when he was talking to Agent Sanchez on Saturday, September 21st." R., Vol. II

at 213. The isolated reference to the defendant as a "witness" did not, on this

record, constitute an improper reference to defendant's election not to testify.

Second, the comment cited by defendant represents the only possible reference in

the prosecution's closing argument to Hernandez-Muniz's failure to testify. We

find no other statement that could have influenced the jury to construe

defendant's silence against him. In addition, the trial judge instructed the jury

that it could not take defendant's silence into consideration, and defense counsel reminded the jury of this fact in his closing. Viewing the prosecutor's argument in its totality, we do not find it infringed on Hernandez-Muniz's Fifth Amendment or due process rights.

Defendant also claims that the prosecutor's characterization of defendant's statements as "lies" constituted improper commentary on defendant's credibility. The prosecutor, in closing, stated that "you'd have to agree that there were some lies told during the course of this case," R., Vol. II at 201, and proceeded to direct the jury's attention to conflicting testimony among defendant and other witnesses, several times characterizing defendant's statement as a "lie." The prosecutor also characterized as a lie Robert Abbud's initial statement to the police that defendant did not know about the cocaine in the car. We find no plain error in the prosecutor's statements.

We have characterized as "unnecessary" and "unwarranted" a prosecutor's closing argument in which he called the defendant a "liar" and told the jury that defendant had not told the complete truth. See United States v. Nichols, 21 F.3d 1016, 1019 (10th Cir. 1994). We have not, however, established that referring to testimony as a lie constitutes per se prosecutorial misconduct. See id.; United States v. Robinson, 978 F.2d 1554, 1567 (10th Cir. 1992) (noting that although "'a prosecutor would be well advised to avoid directly accusing defendant of

lying[,] . . . we are confident that the statements in this case would have been perceived only as commentary on the implausibility of the defendant's story'" (quoting United States v. Garcias, 818 F.2d 136, 143-44 (1st Cir. 1987))). Like the prosecutor's comments in Robinson, we find the argument here was merely a commentary on the veracity of defendant's story. The conflicting testimony on key aspects of the case required the jury to make determinations of witness credibility and truthfulness. The prosecutor's argument fit within the bounds of this context. Moreover, the prosecution was merely responding to defense counsel's opening statement, in which he stated that Abbud would lie in his testimony. In fact, defense counsel began his opening by stating, "[W]here does the truth lie? And I underscore lie, because that's what you're going to be hearing a lot from Mr. Abbud." R., Vol. II at 36. Prosecutors have considerable latitude to respond to an argument made by opposing counsel. See United States v. Janus Indus., 48 F.3d 1548, 1558 (10th Cir. 1995); United States v. Coleman, 7 F.3d 1500, 1506 n.4 (10th Cir. 1993). Although an improper remark by defense counsel does not necessarily justify one in response, it may provide the necessary context in which we review the prosecution's comments. See United States v. Young, 470 U.S. 1, 11 (1985). In the context of this case, we do not believe the

prosecutor made improper remarks.[1]

More importantly, even if the comments were improper, they were not so egregious as to constitute a miscarriage of justice. As noted above, the prosecutor made the comments in a case that required the jury to believe one witness and disbelieve the other. His comments about "lies" responded to defense counsel's opening argument. He also told the jury it was not his job to express a personal opinion about the witnesses. Finally, the trial court instructed the jury that counsels' comments did not constitute evidence and that the jury was the sole judge of witness believability. The combination of these factors assures us that the trial did not result in a miscarriage of justice. See Nichols, 21 F.3d at 1019; Robinson, 978 F.2d at 1566-67.

### III. Cumulative Error

Defendant argues that, even if we do not find any individual reversible error, the combination of errors in this case rendered his trial fundamentally unfair. We review allegations of cumulative error under the harmless error

---

[1]We note that other circuits have expressly allowed prosecutorial use of the word "lie" or "lies" in certain cases that turn on the credibility of defendant's testimony. See United States v. Catalfo, 64 F.3d 1070, 1080 (7th Cir. 1995) ("Where the character and credibility of the defendant are at issue and the evidence allows the inference that the defendant has been less than truthful, the prosecutor does not err in closing argument by referring to the defendant as a liar."); United States v. Dean, 55 F.3d 640, 665 (D.C. Cir. 1995) (holding that use of the word lie is permissible, depending on context and tone of summation, and as long as "the prosecutor sticks to the evidence and refrains from giving his personal opinion"); United States v. Jacoby, 955 F.2d 1527, 1540-41 (11th Cir. 1992).

standard.  See United States v. McKneely, 69 F.3d 1067, 1080 (10th Cir. 1995);

McIntyre, 997 F.2d at 709.  However, because we find no error in this case,

defendant can show no basis for cumulative error.  See, e.g., McKneely, 69 F.3d

at 1080.

For the foregoing reasons, defendant's conviction is AFFIRMED.