**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 20 2000**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

LOUIE ARCHULETA,

      Petitioner-Appellant,

v.

JOHN SHANKS, Warden and
ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO,

      Respondents-Appellees.

No. 98-2277
(D.C. No. CIV-95-1016-LH)
(D. N.M.)

---

ORDER AND JUDGMENT *

---

Before **BALDOCK** , **BRISCOE** , and **LUCERO** , Circuit Judges.

---

    *     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Louie Archuleta, a New Mexico prisoner, seeks to appeal the district court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. [1] Because Archuleta has failed to make a "substantial showing of the denial of [a] federal right," Barefoot v. Estelle, 463 U.S. 880, 893 (1983) (quotation omitted), we decline to issue a certificate of probable cause and we dismiss the petition. [2]

A jury convicted Archuleta of incest and criminal sexual penetration. The New Mexico state courts denied relief on direct appeal and in post-conviction proceedings. In his federal district court § 2254 petition, Archuleta asserted that (1) his trial counsel rendered ineffective assistance counsel; (2) there was insufficient evidence to support a guilty verdict; and (3) he was denied a fair trial due to prosecutorial misconduct and cumulative error. [3] After holding an

---

[1] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

[2] Archuleta filed his habeas petition before April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. No. 104-132, 110 Stat. 1214, so AEDPA's certificate of appealability requirements do not apply. See United States v. Kunzman, 125 F.3d 1363, 1364 n.2 (10th Cir. 1997). Nevertheless, the pre-AEDPA version of 28 U.S.C. § 2253 required that a § 2254 habeas petitioner obtain a certificate of probable cause before taking an appeal from a final order denying habeas relief. See 28 U.S.C. § 2253 (1994).

[3] Archuleta also claimed that the trial testimony of the victim, Sherry

(continued...)

evidentiary hearing, a magistrate judge issued proposed findings and a recommendation that the petition be denied.  The district court adopted the magistrate judge's findings and recommendation.

To demonstrate that his attorney provided constitutionally ineffective assistance of counsel, Archuleta  must show that the attorney "made errors so serious that counsel was not functioning as the 'counsel' guaranteed [him] by the Sixth Amendment" and that the "errors were so serious as to deprive [him] of a fair trial, a trial whose result is reliable."      Strickland v. Washington   , 466 U.S. 668, 687 (1984).  Upon review of the record, we find that Archuleta failed to carry this burden because counsel's actions were attributable to a reasonable trial strategy.  Thus, we conclude that Archuleta's ineffective assistance of counsel claim does not present a substantial constitutional issue.

The test for a sufficiency of the evidence claim on federal habeas review is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."      Jackson v. Virginia   , 443 U.S. 307, 319

---

[3](...continued)
Archuleta, was coached by whispered instructions from the prosecutor and trial judge, perhaps through a hidden microphone.  He has abandoned that theory on appeal.

(1979). A reviewing court "may not weigh conflicting evidence nor consider the credibility of witnesses. Rather, the Court must 'accept the jury's resolution of the evidence as long as it is within the bounds of reason.'" Messer v. Roberts, 74 F.3d 1009, 1013 (10th Cir. 1996) (quoting Grubbs v. Hannigan, 982 F.2d 1483, 1487 (10th Cir. 1993)). We agree with the district court that the evidence, viewed in the light most favorable to the government, provides ample support for Archuleta's conviction.

Concerning prosecutorial misconduct, Archuleta would be entitled to habeas relief only if he established that the misconduct "infected the trial to such an extent that it resulted in a fundamentally unfair trial." Fox v. Ward, 200 F.3d 1286, 1299 (10th Cir. 2000) (citing Donnelly v. DeChristoforo, 416 U.S. 637, 645 (1974)). He contends that the prosecutor coerced his trial attorney to destroy a copy of an affidavit and also intimidated witnesses. Even assuming these allegations are true, Archuleta has not demonstrated that these actions resulted in an unfair trial.

Finally, Archuleta argues that the combination of errors in this case rendered his trial fundamentally unfair. However, "because we find no error in this case, defendant can show no basis for cumulative error." United States v. Hernandez-Muniz, 170 F.3d 1007, 1013 (10th Cir. 1999); see also Moore v. Reynolds, 153 F.3d 1086, 1113 (10th Cir. 1998) ("Cumulative error analysis

applies where there are two or more actual errors; it does not apply to the cumulative effect of non-errors."), <u>cert. denied</u>, 119 S. Ct. 1266 (1999).

In sum, we are unpersuaded by petitioner's assertions of error. We DENY Archuleta's application for a certificate of probable cause. The appeal is DISMISSED.

Entered for the Court

Carlos F. Lucero
Circuit Judge