2009 WY 37

**Dustin Lee NELSON, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. S–07–0299.

Supreme Court of Wyoming.

March 11, 2009.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, BURKE, JJ.

GOLDEN, Justice.

[¶ 1] Appellant Dustin Lee Nelson was convicted by a jury of aggravated assault and battery. Nelson seeks reversal of that conviction based on asserted errors in the district court's discovery and evidentiary rulings. We affirm.

## ISSUES

[¶ 2] Nelson presents these issues:

I. Did the district court err when it denied Mr. Nelson's motion to compel discovery, requesting the State to turn over internal investigation and other material contained in the personnel file of the witnessing police officer, without conducting an *in camera* review of the material?

II. Did the district court err when it prevented the defense from being able to recall the police officer during the defense's case to question him concerning past experiences where he had been assaulted in a manner similar to the method used in the present case?

## FACTS

[¶ 3] On May 9, 2006, Sergeant Andy Boisvert of the Gillette Police Department[1] attempted to execute a traffic stop of a gray Ford pickup truck driven by Nelson. Instead of stopping, Nelson accelerated in an effort to elude the officer. During the pursuit, Nelson lost control of the truck and it ended up in a parking lot near a six-foot chain link fence. Sergeant Boisvert pulled his patrol car behind the truck at an angle to block Nelson from escaping.

[¶ 4] Sergeant Boisvert exited his vehicle and approached the truck in an attempt to contact Nelson. He noticed that Nelson was frantically looking around and attempting to get the truck into gear. Sergeant Boisvert drew his service weapon and ordered Nelson to shut off the truck and show his hands. Instead of obeying Sergeant Boisvert's com-

Representing Appellant: Diane M. Lozano, Wyoming State Public Defender; Tina N. Kerin, Appellate Counsel; Kirk A. Morgan, Senior Assistant Appellate Counsel. Argument by Mr. Morgan.

Representing Appellee: Bruce A. Salzburg, Wyoming Attorney General; Terry L. Armitage, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Graham M. Smith, Assistant Attorney General. Argument by Mr. Smith.

1. At the time of the incident, Sergeant Boisvert was a patrol corporal with the police department.

mands, Nelson kept trying to get the truck into gear and continued to glance back at the officer who, at that juncture, was standing between the two vehicles. After several attempts, Nelson finally got his truck in reverse and popped the clutch, causing the truck to go "screaming back" towards Sergeant Boisvert. Fortunately, Sergeant Boisvert was able to jump out of the way before the truck smashed into his patrol car. The force of the impact pushed the patrol car several feet backwards and into the street.

[¶ 5] While Nelson was shifting the truck back into a forward gear, Sergeant Boisvert holstered his weapon and grabbed his pepper spray. When Nelson drove the truck forward, Sergeant Boisvert sprayed him with the pepper spray in an attempt to subdue him. Nelson, however, managed to evade the officer. After striking a fence and some camper trailers parked nearby, Nelson made his way back onto the street and sped away. A short distance later, Nelson crashed the truck into another fence, abandoned the vehicle, and fled on foot. Police pursued Nelson into a trailer not far from the abandoned truck and placed him under arrest.

[¶ 6] The State charged Nelson with one count of felony property destruction based on the damage caused to Sergeant Boisvert's patrol car and the camper trailers and one count of aggravated assault and battery for attempting to cause bodily injury to Sergeant Boisvert with his pickup truck. Nelson subsequently pled "no contest" to the property destruction charge. Prior to his trial on the aggravated assault and battery charge, Nelson filed a motion, pursuant to Rule 16 of the Wyoming Rules of Criminal Procedure, to compel the State to disclose, among other things, any "information concerning disciplinary actions taken against any law enforcement officers who may testify in this matter," claiming that such "actions relate to conduct concerning his or her integrity, responsibilities or competency." The State opposed Nelson's discovery request, contending the requested information was outside the scope of Rule 16 and not subject to disclosure.

[¶ 7] The district court held a hearing on Nelson's motion. During that hearing, Nelson limited his discovery request to information contained in Sergeant Boisvert's personnel file, including reports, internal investigations and psychological assessments, pertaining to any incidents in which Sergeant Boisvert was the alleged victim of a vehicular assault. Nelson generally identified two such incidents, one involving Mike Owens and the other involving Christopher Carey. In each instance, Sergeant Boisvert pulled his weapon and shot the suspects. He killed Owens and injured Carey. No further factual details of these events were provided. Nelson suggested the records might reveal impeachment evidence indicating Sergeant Boisvert was more prone to overreact to a driver's actions as an attempt to harm him.

[¶ 8] After considering the parties' arguments, the district court denied Nelson's motion. Among other things, the district court expressed concerns about the propriety and scope of Nelson's discovery request, the prosecutor's ability to obtain the requested information, and the relevancy and exculpatory value of the records to the particular facts of this case. The district court ultimately concluded that the personnel records Nelson sought were outside the ambit of Rule 16.

[¶ 9] Nelson's jury trial commenced on July 23, 2007. Near the end of the first day of testimony, Nelson notified the district court that he wished to recall Sergeant Boisvert as a defense witness in order to question him about the two previously identified incidents in which Sergeant Boisvert had been the alleged victim of an aggravated assault with a vehicle. In his offer of proof, Nelson contended the evidence would show that Sergeant Boisvert's opinion as to Nelson's intent—that he intended to strike Sergeant Boisvert with the truck—was clouded by his earlier experiences. Nelson offered no testimony or other evidence in support of his contention and, instead, simply asked the district court to take judicial notice of the existence of a transcript of Sergeant Boisvert's testimony in the criminal trial of Christopher Carey.[2]

---

2. Nelson opted not to provide a copy of the transcript to the district court.

[¶ 10] The district court denied Nelson's request to question Sergeant Boisvert concerning the prior incidents, concluding the information was not relevant and that it would tend to confuse the jury. Specifically, the district court stated:

> The task before the jury in this case is to ascertain whether under the facts of this case as presented and will be presented in the evidence, the defendant attempted to inflict bodily injury on Officer Boisvert, using the car as a deadly weapon. And in that case, those allegations are going to stand and fall on their own. The State has certain elements they need to prove. The incident itself offers some proof, and Officer Boisvert's opinion is just one part of the proof that is in the State's basket of proof with respect to the elements of whether or not there was an intent. There was an attempt, I should say, to inflict bodily injury on Officer Boisvert.
>
> He testified in his opinion, that is the way at least I received the testimony, is that the defendant was trying to run him or hit him with the vehicle. That is his opinion. That is not the only evidence in the State's basket of evidence, and in my view[ ][c]areening off into the side cases, direct[s] the jury away from the facts of this case, and would tend to confuse them, confuse the jury. And therefore, the Court is going to decline to permit the defendant to inquire of Officer Boisvert with respect to the facts involved in the Chris Carey case that ha[s] been referenced, and the Mike Owens case, that has been referenced.

[¶ 11] In the end, the jury found Nelson guilty of aggravated assault and battery. The district court sentenced Nelson on both counts to concurrent prison terms of three to seven years.[3] This appeal followed.

---

3. The district court delayed sentencing Nelson on the property destruction conviction pending the outcome of the jury trial on the aggravated assault and battery charge.

4. Rule 16(a)(1)(C) states:
 Upon written demand of the defendant, the state shall permit the defendant to inspect and copy or photograph books, papers, documents,

## DISCUSSION

### *Standard of Review*

[¶ 12] This Court reviews a trial court's discovery and evidentiary rulings under the abuse of discretion standard. *Person v. State,* 2004 WY 149, ¶ 11, 100 P.3d 1270, 1275 (Wyo.2004); *Trusky v. State,* 7 P.3d 5, 11 (Wyo.2000); *Dodge v. State,* 562 P.2d 303, 307 (Wyo.1977). On review, our primary consideration is the reasonableness of the trial court's decision. *Proffit v. State,* 2008 WY 103, ¶ 12, 191 P.3d 974, 977 (Wyo.2008). The burden of establishing an abuse of discretion rests with the party challenging the trial court's determination. *Id.*

### *Issue I—Discovery*

[¶ 13] W.R.Cr.P. 16(a)(1)(C) generally requires production by the State of certain identified evidence, in the possession of the State, material to the preparation of the defense.[4] On the issue of materiality, we have said

> evidence sought in discovery is material only if there is a reasonable probability that the outcome of the case would have been different. The requirement of materiality is tested by the court's inquiry as to whether the evidence which is sought is likely to affect the outcome of the trial.

*Vena v. State,* 941 P.2d 33, 39 (Wyo.1997), *abrogated on other grounds by Vaughn v. State,* 962 P.2d 149 (Wyo.1998).

[¶ 14] Nelson complains his entire defense rested on the "assertion that [Sergeant] Boisvert was biased and jaded, because he had experienced similar past events." Nelson also asserts that "[t]estimony concerning other, similar occurrences, which [Sergeant] Boisvert was involved in, was the only way to test his credibility." He contends that production of his requested documents was therefore not only material

> photographs, tangible objects, buildings or places, or copies or portions thereof, which are within the possession, custody or control of the state, and which are material to the preparation of the defendant's defense or are intended for use by the state as evidence in chief at the trial, or were obtained from or belong to the defendant.

but essential to his defense. The district court denied Nelson's motion primarily because it determined the information sought would not be material to his defense.[5]

[¶ 15] We agree with the district court that the requested documents were not material in light of the facts of this case. We fail to see how any information relative to Sergeant Boisvert's past work-related affairs could have adversely affected his credibility concerning the isolated events in question. Simply being involved in similar circumstances does not give rise to any presumption of a negative predisposition to such events. Given the record before us, we cannot conclude that the district court abused its discretion in denying Nelson's discovery motion.

### Issue II—Recall of Sergeant Boisvert

 [¶ 16] Nelson complains that the district court erred in not allowing him to call Sergeant Boisvert during his case-in-chief. This complaint is easily disposed of. The reason given for calling Sergeant Boisvert was to question him about specific past experiences. The district court denied the request on the grounds that the proposed testimony was not relevant and would likely confuse the jury. Again we agree with the district court. As stated above, any involvement by Sergeant Boisvert in prior, similar events was irrelevant to the credibility of his testimony in the instant case.

### CONCLUSION

[¶ 17] We find no abuse of discretion by the district court in the contested discovery and evidentiary rulings. Affirmed.

GOLDEN, J., delivers the opinion of the Court; VOIGT, C.J., files a dissenting opinion.

VOIGT, Chief Justice, dissenting.

[¶ 18] I respectfully dissent. I would find an abuse of discretion in the district court's refusal to allow the appellant to call Sergeant Boisvert as a witness in his case-in-chief. Every criminal defendant has a constitutional right to present a defense. *Dysthe v. State,* 2003 WY 20, ¶ 5, 63 P.3d 875, 879 (Wyo.2003). The question for the jury in regard to the aggravated assault and battery charge was whether the appellant attempted to inflict bodily injury upon Sergeant Boisvert. The State proved this element of the crime through the opinion testimony of Sergeant Boisvert. The appellant should have been allowed to question Sergeant Boisvert about the prior similar incidents, to test whether his perception of the appellant's intent may have been colored by those incidents. The evidence was relevant and admissible. W.R.E. 401, 402. The district court's conclusion that the testimony would "direct the jury away from the facts of this case, and would tend to confuse them, confuse the jury" simply is not reasonable. Surely this jury could be trusted to handle this small slice of the truth.

---

5. The parties disputed whether police personnel files would be considered in "possession, custody or control" of the State. W.R.Cr.P. 16(a)(1)(C).

Because of our disposition of this case, we need not conduct a foray into this issue.