2009 WY 71

**Juan CEJA, a/k/a Jonathan Israel Almada, Appellant (Defendant),**

**v.**

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. S-08-0180.**

Supreme Court of Wyoming.

May 29, 2009.

Representing Appellant: Diane M. Lozano, State Public Defender, PDP; Tina N. Kerin, Appellate Counsel; David E. Westling, Senior Assistant Appellate Counsel. Argument by Mr. Westling.

Representing Appellee: Bruce A. Salzburg, Wyoming Attorney General; Terry L. Armitage, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Graham M. Smith, Assistant Attorney General. Argument by Mr. Smith.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

KITE, Justice.

[¶ 1] Mr. Ceja was convicted of sexual exploitation of a minor by possessing child pornography. He claims the district court erred by refusing to exclude the testimony of the investigating officer who obtained his oral admission to possession of pornographic materials because the State failed to produce the officer's notes of his interview in discovery.

[¶ 2] Finding no violation of the discovery rules, we affirm.

## ISSUE

[¶ 3] Mr. Ceja presents a single issue on appeal:

I. Did the trial court's misinterpretation of W.R.Cr.P. 16 constitute an abuse of discretion and a denial of a fair trial?

The State presents a similar issue.

## FACTS

[¶ 4] On September 5, 2007, Jose Robledo contacted the Gillette Police Department and reported that his roommate, Juan, was in possession of child pornography. Based upon the information received from Mr. Robledo, officers obtained a warrant to search the residence shared by Juan and Mr. Robledo.

[¶ 5] When the officers arrived at the residence to execute the search warrant, they encountered a man who identified himself as Jonathan Almada. After informing him of his *Miranda* rights in English, Detective Gary Owens questioned him about Mr. Robledo's claims. He admitted that he had DVDs containing child pornography and stated that he had child pornography on his computer.

[¶ 6] The officers arrested Mr. Almada. Once he was in custody, the authorities learned that Jonathan Almada was an alias and his real name was Juan Ceja Castillo. The State charged him with one count of sexual exploitation of a child in violation of Wyo. Stat. Ann. § 6-4-303(b)(iv) and (d) (LexisNexis 2007), for possession of child pornography as defined in § 6-4-303(a)(ii)(B).[1] Because Castillo was his

1. Section 6-4-303 states in relevant part:

(a) As used in this section:

....

(ii) "Child pornography" means any visual depiction, including any photograph, film, video, picture, computer or computer-generated image or picture, whether or not made or produced by electronic, mechanical or other means, of explicit sexual conduct, where:

....

(B) The visual depiction is of explicit sexual conduct involving a child or an individual virtually indistinguishable from a child[.]

....

(b) A person is guilty of sexual exploitation of a child if, for any purpose, he knowingly:

....

(iv) Possesses child pornography....

....

(d) The sexual exploitation of a child by possession of sexually exploitive material pursuant

mother's middle name, the caption was amended to identify the defendant as Juan Ceja.

[¶ 7] Mr. Ceja filed a demand for discovery on September 11, 2007. Among other items, he requested:

1. As to the Defendant, disclosure of, and the right to inspect and/or copy, any written confession or inculpatory statement, or the substance of any oral confession or inculpatory statement, and the identity of the person to whom the confession or inculpatory statement was made and identity of all persons present when the statement was given.
2. Disclosure of, and the right to inspect and/or copy, the handwritten notes, reports or memoranda of the officer[s] who participated in taking the Defendant's statement, and any subsequent statements and the handwritten notes, reports, and memoranda of any officer[s] who witnessed or were present during the taking of all or any part of the Defendant's statement.

[¶ 8] Mr. Ceja also filed a motion to suppress the statements he made to law enforcement, including his admission that the pornographic materials and computer belonged to him. He claimed his statements were not voluntary because he did not have an adequate understanding of the English language and he was informed of his rights and interrogated in English. At the suppression hearing, Detective Owens testified that he had notes from his interview with Mr. Ceja. The district court denied the motion to suppress.

[¶ 9] Mr. Ceja then filed a motion in limine to prevent the State from offering his statements to the officers into evidence at trial. He claimed that the evidence should be excluded because the State ignored its discovery obligations by failing to produce the detective's notes to the defense. The district court denied the motion in limine.

[¶ 10] A jury trial commenced on March 17, 2008. At the conclusion of the trial, the jury found Mr. Ceja guilty of sexual exploitation of a child. The district court entered judgment upon the jury's verdict and sentenced him to serve three to ten years in prison. Mr. Ceja appealed.

## STANDARD OF REVIEW

[¶ 11] The issue on appeal pertains to whether the district court properly ruled on a discovery matter. We review discovery rulings for abuse of discretion. *Almada v. State,* 994 P.2d 299, 303 (Wyo.1999); *Dodge v. State,* 562 P.2d 303, 307 (Wyo.1977). In determining whether the trial court abused its discretion, " 'the ultimate issue is whether or not the court could reasonably conclude as it did.' " *State v. Naple,* 2006 WY 125, ¶ 8, 143 P.3d 358, 361 (Wyo.2006) quoting *Lawson v. State,* 994 P.2d 943, 947 (Wyo.2000).

## DISCUSSION

[¶ 12] Mr. Ceja challenges the district court's ruling that the State did not violate its discovery obligation when it withheld Detective Owens' notes. He claims that the district court was incorrect in ruling that he was not entitled to the notes under W.R.Cr.P. 16 and abused its discretion by refusing to exclude the evidence of his admission that the pornography belonged to him.

[¶ 13] A criminal defendant does not have a general constitutional right to discovery. Instead, his discovery rights are governed by statute, rule and court order. *Gale v. State,* 792 P.2d 570, 577 (Wyo.1990); *Capshaw v. State,* 714 P.2d 349, 351 (Wyo.1986). Thus, while a defendant may request or demand certain information from the State, he is entitled to the information only insofar as required by statute, rule or case law. W.R.Cr.P. 16(a)(1)(A)(2) governs discovery of the defendant's statements to law enforcement:

(a) *Disclosure of Evidence by the State.*—

(1) Information Subject to Disclosure.

(A) Statement of Defendant.

to paragraph (b)(iv) of this section is a felony punishable by imprisonment for not more than ten (10) years, a fine of not more than ten thousand dollars ($10,000.00), or both.

(i) Upon written demand of a defendant the state shall permit the defendant to inspect and copy or photograph:

1. Any relevant written or recorded statements made by the defendant, or copies thereof, within the possession, custody or control of the state, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the state;

2. The substance of any oral statement which the state intends to offer in evidence at the trial made by the defendant whether before or after arrest; and

3. Recorded testimony of the defendant before a grand jury which relates to the offense charged.

....

(2) Information Not Subject to Disclosure.—Except as provided in subparagraphs (1)(A), (1)(B), and (1)(D), this rule does not authorize the discovery or inspection of reports, memoranda, or other internal state documents made by the attorney for the state or other state agents in connection with the investigation or prosecution of the case, or of statements made by state witnesses or prospective state witnesses except as provided in Rule 26.2.

[¶ 14] In this case, there was no written or recorded statement. Instead, the State offered Detective Owens' testimony that Mr. Ceja had verbally admitted the pornographic materials belonged to him. Pursuant to its clear language, Rule 16(a)(1)(A)(i)(2) applies to this situation, and Mr. Ceja was entitled to disclosure of the "substance of" the oral statement the State intended to offer into evidence. As recognized by the district court, Rule 16(a)(2) does not require the State to provide discovery of law enforcement's internal reports, etc., except as provided in Rule 16(a)(1).

[¶ 15] This Court addressed an issue similar to the one presented here in *Dennis v. State,* 963 P.2d 972 (Wyo.1998). Dennis was convicted of taking indecent liberties with a minor. At trial, "the prosecutor repeatedly referred to Dennis'[s] statement during a police interview that he did not really care about the ages of the girls he associated with because he was a 'player.' " *Id.* at 975. Dennis's statement to the police was oral and apparently had not been recorded. The officer had, however, taken notes during the interview, and his notes included the "player" reference. The officer prepared a report, which was provided to the defense in discovery, but his notes were not. The report did not state that Dennis had used the term "player" to describe himself. Dennis moved for a mistrial because the officer testified about the "player" statement at trial and it had not been provided to the defense. *Id.*

[¶ 16] On appeal, this Court concluded that the State's omission of the word "player" from the discovery provided to the defense was not a violation of Rule 16. We explained:

> This particular statement falls under Rule 16(a)(1)(A)(i)(2), and the omission of the word 'player' is not a vital or an integral part of the substance of defendant's oral statement to the police. The district court correctly ruled that the State had disclosed the substance of the oral statement. Rule 16(a)(2) does not require disclosure of the officer's notes.

*Id.* at 975–76.

[¶ 17] This Court's ruling in *Dennis* is consistent with the Tenth Circuit's interpretation of the similar Federal Rule of Criminal Procedure 16.[2] In *United States v. Hernan-*

2. F.R.Cr.P. 16 states in relevant part:

(a) Government's Disclosure.

(1) *Information Subject to Disclosure.*

(A) *Defendant's Oral Statement.* Upon a defendant's request, the government must disclose to the defendant the substance of any relevant oral statement made by the defendant, before or after arrest, in response to interrogation by a person the defendant knew was a government agent if the government intends to use the statement at trial.

....

(2) *Information Not Subject to Disclosure.* Except as Rule 16(a)(1) provides otherwise, this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case.

*dez–Muniz,* 170 F.3d 1007 (10th Cir.1999), the Tenth Circuit ruled that an agent's preliminary hearing testimony about the defendant's oral statement to law enforcement was sufficient to meet the requirement to disclose the "substance of" the defendant's oral statement. *Id.* at 1010. The court noted:

> The underlying purposes of Rule 16 further support our conclusion. Rule 16 is designed to provide the defendant with sufficient information to make an informed decision about a plea, to allow the court to rule on admissibility motions before trial, to minimize prejudicial surprise at trial, and to generally increase the efficiency of litigation. *See* Fed.R.Crim.P. 16 advisory committee notes to the 1974 amendment. The disclosure of the defendant's statement at the preliminary hearing, along with provision of the hearing transcript, combine to satisfy these purposes. Defendant cannot now complain about a lack of notice or prejudice in this matter. The district court did not abuse its discretion in admitting the statement.

*Id.* The court specifically noted that neither the rules nor due process require disclosure of the substance of the defendant's statement in a particular form or manner. *Id.* at 1010–11. Consistently, the Tenth Circuit ruled in *United States v. Martinez,* 455 F.3d 1127, 1131 (10th Cir.2006), that disclosure of an officer's written report concerning defendant's statement will ordinarily suffice to meet the government's disclosure requirements under F.R.Cr.P. 16.

[¶ 18] In this case, the State gave notice of the substance of Mr. Ceja's oral statements on a number of occasions prior to the trial. In the affidavit of probable cause which accompanied the felony information and arrest warrant, Detective Owens averred:

> I asked "Almada" about the pictures he has shown Jose [Robledo] of young boys. "Almada" admitted to having three or four DVDs with child pornography on them. "Almada" also stated there may be some child pornography on his computer as well, as he had used it to look at child pornography on the internet. "Almada" stated he had told Jose that the pictures were his "secret" and they "were not legal." Officers located the DVDs containing the child pornography in "Almada's" bedroom.

[¶ 19] In its traverse to Mr. Ceja's motion in limine, the State confirmed that it had provided the officer's reports to the defense as part of discovery. Although the reports are not included in the record on appeal, there is no indication that they failed to include the information about Mr. Ceja's admissions.[3]

[¶ 20] Additionally, Detective Owens testified about Mr. Ceja's statement at the pretrial hearing on the motion to suppress and defense counsel had the opportunity to cross examine him. The hearing was recorded and Mr. Ceja obtained a copy of the transcript, which he introduced into evidence at the pretrial liminal hearing.

[¶ 21] The State disclosed Mr. Ceja's oral statements on a number of occasions prior to trial and there is no indication the disclosure was inaccurate or varied in any material fashion from the testimony provided at trial.[4] In accordance with *Dennis* and the federal cases, the State complied with Rule 16 by disclosing the "substance of"

3. We urge counsel to assure all evidence relevant to the issues on appeal is included in the record on appeal. *See, e.g., Martinez,* 455 F.3d at 1131 (noting the court was hampered in its "assessment of whether the disclosure obligation was fully satisfied" because the report was not included in the record).

4. Mr. Ceja tentatively argues that we should remand the case to allow him to argue that the failure to produce the notes was a violation of the State's responsibility to provide the defense with exculpatory evidence in accordance with *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). While Mr. Ceja hinted at a potential *Brady* violation in his argument on the motion in limine, he did not make a direct, cogent argument supported by pertinent authority in support of that position to the district court. His argument was, instead, directed at a violation of court rules. We do not consider *Brady* arguments raised for the first time on appeal. *Adams v. State,* 2005 WY 94 ¶ 27, 117 P.3d 1210, 1219 (Wyo.2005). In addition, the Tenth Circuit ruled in *Hernandez–Muniz,* 170 F.3d at 1011, that *Brady* does not require that exculpatory information from the defendant's statement to law enforcement be provided in a specific form or manner so long as it is provided.

Mr. Ceja's verbal statements; he was not entitled to have that information provided in a specific form or manner or to receive a copy of the officer's notes in pre-trial discovery. The State provided Mr. Ceja with sufficient notice of the statements it intended to use at trial to satisfy the purposes of Rule 16. The district court did not abuse its discretion when it denied Mr. Ceja's motion in limine to exclude the detective's testimony about his admissions.

[¶ 22] Affirmed.