261 P.3d 717 (2011)
2011 WY 132
Marshall Louis WASHINGTON, Appellant (Defendant),
v.
The STATE of Wyoming, Appellee (Plaintiff).
No. S-11-0041.
Supreme Court of Wyoming.
September 20, 2011.
*719 Representing Appellant: Diane M. Lozano, State Public Defender; Tina N. Olson, Appellate Counsel; Eric M. Alden, Senior Assistant Appellate Counsel.
Representing Appellee: Gregory A. Phillips, Wyoming Attorney General; Terry L. Armitage, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Justin A. Daraie, Assistant Attorney General.
Before KITE, C.J., and GOLDEN, HILL, VOIGT, and BURKE, JJ.
VOIGT, Justice.
[¶ 1] The appellant, Marshall Washington, while working as a confidential informant for the Wyoming Division of Criminal Investigation (DCI), was arrested after drugs were discovered in his vehicle. In this appeal, he challenges the district court's denial of discovery of the confidential informant agreement (CI agreement) between him and DCI, as well as DCI's policy manual regarding procedures to be followed with confidential informants (CI policy manual). The appellant further argues that the matter should be reversed and remanded inasmuch as the Modified Judgment and Sentence does not fully comply with W.R.Cr.P. 32.
[¶ 2] Finding no reversible error, we affirm the conviction and remand to the district court to amend the Modified Judgment and Sentence for compliance with the Wyoming Rules of Criminal Procedure.

ISSUES
[¶ 3] 1. Did the district court improperly deny discovery of the CI agreement and the CI policy manual?
2. What is the effect of the noncompliance with W.R.Cr.P. 32 in the Modified Judgment and Sentence?

*720 FACTS
[¶ 4] The appellant was arrested on March 29, 2010, for shoplifting. While in jail on that charge he indicated to the arresting officer willingness to serve as a confidential informant. DCI agents contacted him later that same day to determine the extent of the information that the appellant would be able to provide. The agents informed the appellant that he could assist them by participating in a "controlled buy"[1] and that he should contact them when released from jail.
[¶ 5] On March 31, 2010, after his release on bond, the appellant met the agents at the DCI office. At that time, the agents explained the terms of the CI agreement, which the appellant later signed. The appellant was given a copy of the agreement to follow along as one of the agents read through and explained the items included in the agreement. The appellant, however, was not allowed to keep this copy. Of particular importance to this appeal was item number 4, which read as follows: "Do you understand that you are not to handle any contraband or illegal substances, at any time, unless specifically authorized to do so by an agent or officer of this agency?" During this meeting, the agent explained to the appellant that he did not have authorization to buy drugs unless specifically instructed to do so.
[¶ 6] On April 20, 2010, the appellant returned to the DCI office to participate in a controlled buy operation. After explaining their expectations to the appellant, the agents informed the appellant that they would need to search both his person and his vehicle because the vehicle would be used in the course of the operation. At that point, the appellant appeared to become nervous and told the agents that they would find a marijuana cigarette, crack pipes, and a syringe in his vehicle. While searching the appellant's car, the agents also found a black sock under the driver's seat containing crack cocaine, methamphetamine, marijuana, clonazepam, hydrocodone, methadone, and oxycodone. The appellant was arrested and charged with seven counts of possession of a controlled substance pursuant to Wyo. Stat. Ann. § 35-7-1031(c) (LexisNexis 2011). He pled not guilty to those charges.
[¶ 7] Prior to trial, the appellant moved to compel discovery of DCI's CI policy manual. The State refused to provide the appellant with the manual asserting lack of relevance. At the hearing on the Motion to Compel Discovery, the district court conducted an in camera review of the CI policy manual. Based on that review, the district court denied the appellant's motion. Both the CI policy manual and the CI agreement signed by the appellant were sealed for appellate purposes; however, the signed CI agreement was left available to the parties for use at trial.
[¶ 8] At trial, the appellant's defense was that he was under the mistaken belief that he had been authorized by the DCI agents to purchase drugs on his own. The jury found the defendant guilty on all charges.
[¶ 9] The district court's Judgment and Sentence incorrectly stated that the appellant pled guilty to the charged offenses. The parties entered a stipulated motion to modify the Judgment and Sentence to correct that inaccuracy to read that the appellant had been found guilty. The parties, however, failed to notice that the Modified Judgment and Sentence did not comply with certain provisions of W.R.Cr.P. 32.[2]
[¶ 10] The appellant timely appealed.

*721 STANDARD OF REVIEW
[¶ 11] Discovery rulings will be reviewed by this Court under the abuse of discretion standard. Ceja v. State, 2009 WY 71, ¶ 11, 208 P.3d 66, 68 (Wyo.2009); Almada v. State, 994 P.2d 299, 303 (Wyo.1999); Dodge v. State, 562 P.2d 303, 307 (Wyo.1977). "On review, our primary consideration is the reasonableness of the trial court's decision." Nelson v. State, 2009 WY 37, ¶ 12, 202 P.3d 1072, 1075 (Wyo.2009); Proffit v. State, 2008 WY 103, ¶ 12, 191 P.3d 974, 977 (Wyo.2008). The party challenging the district court's decision, here the appellant, has the burden to prove an abuse of discretion. Nelson, 2009 WY 37, ¶ 12, 202 P.3d at 1075; Person v. State, 2004 WY 149, ¶ 11, 100 P.3d 1270, 1275 (Wyo.2004).
[¶ 12] Whether the district court's Modified Judgment and Sentence complied with the requirements of W.R.Cr.P. 32 and the effects of any noncompliance are questions of law that are reviewed de novo. Dunmire v. Powell Family of Yakima, LLC (In re Kite Ranch, LLC), 2008 WY 39, ¶ 17, 181 P.3d 920, 925 (Wyo.2008).

DISCUSSION

Did the district court improperly deny discovery of the CI agreement and the CI policy manual?
[¶ 13] The appellant contends on appeal that he was improperly denied discovery of two documents: the CI policy manual and his signed CI agreement. He generally argues that denial of discovery of both items "prevented his attorney from adequately preparing for trial and presenting his defense." His defense was that he was led to believe that the extent of his cooperation would be measured by the amount of drugs he could find. He claims that these documents supported his belief and that they would have been useful in cross-examination of the DCI agents and establishing his defense.
[¶ 14] The appellant's argument is flawed for a number of reasons. Regarding the signed CI agreement, nothing in the record indicates that the appellant was actually denied access to that document. The Motion to Compel Discovery did not specifically request access to the CI agreement and it appears that appellant always had access to the document, even prior to the hearing on the Motion to Compel Discovery, let alone prior to the trial itself. The prosecutor informed the appellant before the trial that he intended to rely upon the agreement at trial. The CI agreement was introduced by the State and available as an exhibit. The appellant's attorney clearly relied on her own copy of the agreement at trial; at one point in the trial testimony she makes reference to "my copy" of the agreement. She also cross-examined one of the State's witnesses from her copy of the agreement and made reference to its content in her closing argument. The evidence indicates that not only did the appellant have access to the agreement prior to trial, but he also was well prepared regarding the content of the agreement. The record simply does not support the appellant's contention that he was denied access to the CI agreement.
[¶ 15] We turn now to the CI policy manual. The district court clearly denied the appellant's discovery request for that document. We must determine whether this denial was an abuse of discretion. The appellant's primary contention on appeal is that the CI policy manual is a public document subject to the Wyoming Public Records Act (WPRA) and therefore should have been discoverable. This issue is raised for the first time on appeal. We have often said we will not address matters that were not raised below.
We strongly adhere to the rule forbidding us to consider for the first time on appeal issues that were neither raised in, nor argued to, the trial court, except for those issues which are jurisdictional or are fundamental in nature. We follow this rule because it is unfair to reverse a ruling of a trial court for reasons that were not presented to it, whether it be legal theories or issues never formally raised in the pleadings nor argued to the trial court.
Erwin v. State, DFS, 2010 WY 117, ¶ 15, 237 P.3d 409, 414 (Wyo.2010) (internal citations and quotations omitted). See also Whitten v. State, 2005 WY 55, ¶ 24, 110 P.3d 892, 898 *722 (Wyo.2005); Kitzke v. State, 2004 WY 9, ¶ 13, 84 P.3d 950, 953 (Wyo.2004).
[¶ 16] Because the question of whether the CI policy manual was subject to disclosure under the WPRA and thus should have been admissible at trial was not raised below, we will not directly address that issue in this appeal. See Mary's Bake Shoppe v. City of Cheyenne, 2008 WY 116, ¶ 31 n. 5, 193 P.3d 252, 259 n. 5 (Wyo.2008) (this Court disregarded appellate argument, made for the first time on appeal, that a document was discoverable under the WPRA noting that the "request for production, however, was made in the context of the instant civil litigation, making her [appellate] arguments inapt.").
[¶ 17] While we will not address the appellant's new appellate arguments, we will examine the admissibility of the CI policy manual, generally. Although there is no constitutional right to discovery, a defendant has a constitutionally protected right to present a defense. Ceja, 2009 WY 71, ¶ 13, 208 P.3d at 68; Dysthe v. State, 2003 WY 20, ¶ 5, 63 P.3d 875, 879 (Wyo.2003). A defendant may request discovery of certain items from the state, but the state is only required to provide such information as indicated by statute, rule or case law. Ceja, 2009 WY 71, ¶ 13, 208 P.3d at 68.
[¶ 18] At the hearing on the Motion to Compel Discovery, the appellant pointed to W.R.Cr.P. 16 as grounds for his claim that the State was required to provide the CI policy manual. That rule provides, in part: "Upon written demand of the defendant, the state shall permit the defendant to inspect... documents ... which are within the possession, custody or control of the state, and which are material to the preparation of the defendant's defense...." W.R.Cr.P. 16(a)(1)(C). The appellant contends that the CI policy manual should have been provided as it was material to his defense. When considering the materiality of excluded evidence, we must determine whether "there is a reasonable probability that the outcome of the case would have been different" had the evidence been admitted. Nelson, 2009 WY 37, ¶ 13, 202 P.3d at 1075 (quoting Vena v. State, 941 P.2d 33, 39 (Wyo.1997), abrogated on other grounds by Vaughn v.State, 962 P.2d 149, 151 (Wyo.1998)). Here, there is no such indication.
[¶ 19] The appellant's defense rested on the assertion that he was confused as to the point and circumstances at which he had the authorization of DCI to buy drugs. While the DCI agents indicate that he merely was to participate in a controlled buy operation under their direct supervision and guidance, the appellant contends that he was given the impression that his goal was to acquire drugs from drug dealers regardless of whether specifically directed to do so by the agents or whether he was performing under their supervision. At the hearing on the Motion to Compel Discovery, the appellant argued that the CI policy manual was material to his defense in that failure by the agents to follow the protocol as set forth in the manual could have led to this confusion. The State responded by arguing that the CI policy manual was irrelevant and that divulging this information could put DCI agents in danger. Following arguments of both parties and an in camera inspection of the CI policy manual, the district court ruled that it was not subject to discovery.
[¶ 20] After reviewing the entire record, we agree with the district court's refusal to allow discovery of the CI policy manual. Much of what is contained in the CI policy manual is also present in the CI agreement, which was available to the appellant at trial. Both the CI policy manual and the CI agreement specifically preclude a confidential informant from handling illicit drugs unless authorized to do so by DCI. Nothing in the CI policy manual, explicitly or implicitly, gives DCI agents the power to permit confidential informants unilaterally to procure drugs, as the appellant suggests.
[¶ 21] What is material to the appellant's defense is the information actually conveyed to him by DCI, either in the form of the CI agreement that he signed or in the agents' oral explanation of the terms of the agreement and their expectations for his participation in the controlled buy. The record indicates that the agents adequately and clearly explained each item in the CI agreement *723 and the appellant acknowledged his understanding of each item. The testimony of the agents emphasized this fact: "Question: So in this case, did you explain to [the appellant] that he was not to go out and get drugs on his own? Answer: Absolutely. Several times. It'sit's hammered in." The appellant acknowledged his understanding of this instruction, as well as all other items included in the agreement, both orally and in writing. The appellant presents no evidence to indicate that he was authorized or instructed to go off on his own and procure illegal drugs from as many drug dealers as possible. One cannot simply infer from the fact that the appellant did not follow the instructions given to him that the instructions were necessarily inadequate or vague or that the appellant was misled.
[¶ 22] In assessing whether the district court abused its discretion in refusing to allow the appellant access to the CI policy manual, we will look to the "reasonableness" of the trial court's decision. Person, 2004 WY 149, ¶ 11, 100 P.3d at 1275; Proffit, 2008 WY 103, ¶ 12, 191 P.3d at 977. "Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means a sound judgment exercised with regard to what is right under the circumstances without doing so arbitrarily or capriciously." Vaughn v. State, 962 P.2d 149, 151 (Wyo.1998) (quoting Martin v. State, 720 P.2d 894, 897 (Wyo.1986)). After considering all of the same evidence presented, we find that the district court reasonably denied discovery of the CI policy manual as that document was not material to the appellant's defense.

What is the effect of the noncompliance with W.R.Cr.P. 32 in the Modified Judgment and Sentence?
[¶ 23] After discovering that the initial Judgment and Sentence incorrectly indicated that the appellant pled guilty rather than that he was found guilty, the parties entered a stipulated motion to correct the error. The parties did not, however, recognize that the Judgment and Sentence as modified omitted certain required elements of W.R.Cr.P. 32(b). See supra ¶ 9 n. 2. On appeal, the appellant contends both that the error should be corrected on remand and that the judgment should be reversed.
[¶ 24] Both parties agree that the Modified Judgment and Sentence did not fully comply with W.R.Cr.P. 32(b). Where an error or omission occurs in a lower court's order, we must determine whether it was a clerical or judicial mistake. Glover v. Crayk, 2005 WY 143, ¶ 9, 122 P.3d 955, 958 (Wyo. 2005).[3] Clerical errors are "all errors, mistakes, or omissions which are not the result of the exercise of the judicial function." Kearns v. State, 2002 WY 97, ¶ 27, 48 P.3d 1090, 1098 (Wyo.2002) (internal citations and quotations omitted). Judicial error, on the other hand, is "the deliberate result of judicial reasoning and determination." Id. "The key factor is whether or not the court reached a decision in the intentional or purposeful exercise of its judicial function. If the pronouncement reflects a deliberate choice on the part of the court, the act is judicial; errors of this nature are to be cured by appeal." Spomer v. Spomer, 580 P.2d 1146, 1149 (Wyo.1978). Where the error is clerical, W.R.Cr.P. 36 is designed to correct such mistakes. Id; see supra n. 3. The goal "is to effectuate the contemporaneous intent of the court and to ensure that the judgment reflects that intent." Spomer, 580 P.2d at 1149.
[¶ 25] We find that the failure to satisfy all the requirements of W.R.Cr.P. 32 in this case is a clerical error. There is no indication in the record that the omission was anything other than a mere accident. This Court can glean no purpose in an intentional *724 omission of the W.R.Cr.P. 32 requirements, as such would have no bearing on the appellant's rights, the penalties he will face, the issues presented in the case, nor any collateral matters. Nothing indicates that the district court was attempting to clarify the original Judgment and Sentence through the omission. Finally, there is no reason to believe that if the omission had been noticed sooner and the parties had entered another stipulated motion to modify that such a motion would have been denied.
[¶ 26] Most clerical errors are easily remedied, particularly when there is a "deviat[ion] from the instruments upon which [the judgments] were intended to be based." Eddy v. First Wyo. Bank, N.A.-Lander, 713 P.2d 228, 234 (Wyo.1986). Such errors may be corrected at any time. W.R.Cr.P. 36. For example, this Court has held that a court could correct a judgment rendered with regard to a stipulation which did not accord with the parties' stipulation. Midwest Ref. Co. v. George, 44 Wyo. 25, 7 P.2d 213, 215 (1932). Here, the "instrument" at issue is the Wyoming Rules of Criminal Procedure. The parties do not dispute the content of these terms nor do the parties dispute whether the terms ought to be included in the Modified Judgment and Sentence. As such, there is no need to reverse, but rather we find that it would be appropriate to remand to the district court to amend the Modified Judgment and Sentence so that it will meet the requirements of W.R.Cr.P. 32 and the expectations of the parties and the trial judge.
[¶ 27] The appellant mentions only one case in support of his position, Dickson v. State, 903 P.2d 1019 (Wyo.1995). In that case, this Court reversed an order by the district court revoking probation because the defendant had been sentenced without the district court first imposing a judgment of conviction on the defendant's entry of no contest in accordance with W.R.Cr.P 32(b)(1). This Court held that "... an adjudication of guilt and conviction under the statute and an adjudication as to each offense is essential to the power of the court to impose sentence." Id. at 1026. While the adjudication requirement in W.R.Cr.P. 32(b)(1) applies to situations where there has been an entry of nolo contendere, W.R.Cr.P. 32(b)(2) contains the same requirement in the case of convictions. Here, however, although the Modified Judgment and Sentence does not include an adjudication as to each charged offense, it is clear from the record, unlike in Dickson, that there was actually such an adjudication, although not explicit in the Modified Judgment and Sentence.

CONCLUSION
[¶ 28] No reversible error was committed by the trial court. The appellant had access to the CI agreement prior to trial and referred to this document at trial. Denial of the appellant's Motion to Compel Discovery of DCI's policy manual was not an abuse of discretion. The omissions in the Modified Judgment and Sentence were simply clerical errors and will be corrected on remand to the district court. We will affirm the conviction.
NOTES
[1] In the course of a controlled buy, a confidential informant purchases drugs from a source predetermined by a task force within DCI. The confidential informant is provided the money to make the purchase and his person and vehicle are searched prior to the controlled buy to ensure that no unrelated drugs or weapons are used in the purchase. The informant is wired and under surveillance during the course of the controlled buy to ensure his safety.
[2] The Modified Judgment and Sentence failed to include the following:

(A) The plea and the verdict for each offense for which the defendant was tried;
(B) A statement as to whether the defendant testified and whether or not the defendant was advised by the court with respect to the defendant's right to testify or not to testify;
(C) An adjudication as to each offense including the name and statute number for each convicted offense and whether such offense is a felony or a misdemeanor[.]
W.R.Cr.P. 32(b)(2)(A), (B), (C).
[3] Although Glover is a civil case and more directly relates to W.R.C.P. 60(a) ("Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders."), it is appropriate to use the same analysis here because W.R.Cr.P. 36 ("Clerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders.") is a corollary to W.R.C.P. 60(a). Moore v. State, 2009 WY 108, ¶ 15, 215 P.3d 271, 275 (Wyo.2009).